433 P.2d 846

**Richard J. YOUNG, Plaintiff and Appellant,**

**v.**

**Julia M. BARNEY and Utah Farm Bureau Insurance Company, a corporation, Defendants and Respondents.**

**No. 10519.**

Supreme Court of Utah.

Nov. 13, 1967.

---

Rawlings, Wallace, Roberts & Black, Brigham E. Roberts, Salt Lake City, Will L. Hoyt, Nephi, for appellant.

**110**

Pugsley, Hayes, Rampton & Watkiss, James P. Cowley, Salt Lake City, for respondents.

CROCKETT, Chief Justice:

The foundation of this suit is the complaint of Richard J. Young that on August 18, 1964, at 3:30 p. m., on a public road in Mona, Juab County, the defendant Julia M. Barney negligently drove her automobile into and caused the death of Brenda Joy Young, plaintiff's four-year-old child.

Plaintiff sought to join defendant's insurance company as a party defendant; and also made a motion for production of the insurance policy. On this appeal the plaintiff seeks to reverse the rulings of the trial court in dismissing the complaint against the insurance company and in denying the request for production of the insurance policy.

In support of his attempt to join the insurance company as a defendant, plaintiff places reliance on Rules 18(b) and 20, U.R.C.P.

Rule 18(b) Joinder of Remedies; Fraudulent Conveyances. Whenever a claim is one heretofore cognizable only after another claim has been prosecuted to a conclusion, the two claims may be joined in a single action; * * *

Plaintiff argues that inasmuch as by its policy the insurance company "has agreed to pay a claim only after another claim has been prosecuted to a conclusion" it comes within the provision of this rule.

There are certain principles of statutory construction which should be kept in mind in analyzing plaintiff's contention. In any inquiry concerning the application of a rule or a statute to a given situation the primary objective is to discover the intent and purpose for which it was enacted.[1] In conjunction with attempting to ascertain that purpose it is equally important to appreciate that in some aspects of the law it is quite impossible to cover the whole subject and whatever exceptions may exist in a single statement. Taking one part of the law or one rule by itself and attempting to give it a literal and universal application ofttimes produces incongruous and unjust results in circumstances where it was never contemplated to be applied.[2] The objective to be desired is that the rules of law shall be so interpreted and applied to the variegated problems which arise that they will comport

1. In Norville v. State Tax Commission, 98 Utah 170, 97 P.2d 937, 126 A.L.R. 1318 (1940), this court quoted the eminent authority on statutory construction, Sutherland: "In the exposition of a statute the intention * * * will prevail over the literal sense of the terms; and its reason and intention will prevail over the strict letter." (Citing numerous authorities.)

2. Cf. statement in Snyder v. Clune, 15 Utah 2d 254, 390 P.2d 915 (1964).

with reason and do justice in the given situation. Consequently, it is essential to analyze the rules relied upon by the plaintiff in the light of the precepts stated above and also with a view to reconciling them with the rest of the body of law and procedure as it has existed in this state before and since their adoption.

Reverting our attention and applying the principles just stated to Rule 18 (b) quoted above, we are led to the conclusion that the framers did not have in contemplation the joinder of an insurance company as a defendant in cases such as this, but were thinking of something of an entirely different character. They appear to have had in mind situations where one party has a claim against another, and where ultimate recovery might depend upon resort to property which, by a fraudulent conveyance, or perhaps in situations of some generally similar character, was in the hands of a third party, in which case the sequel action could be joined. The original purpose of the rule, the manner in which it has been applied, and the title itself so indicate.[3] We appreciate the fact that the title of the rule is not part of its text. Neverthless, in case of doubt or uncertainty as to its application it may be looked at as an aid in ascertaining its correct interpretation and application.[4]

There is another aspect of this total situation which we think points quite unerringly to the conclusion we have reached. The safeguarding against disclosure to a jury of insurance coverage in personal injury trials is a very touchy subject which lawyers and judges have always been obliged to handle with such caution as to justify use of the metaphor "walking on eggs." The understanding has always been that it was prejudicial error to deliberately inject insurance into such a trial.[5] It can hardly be doubted that if there had been any thought that this rule would bring about the radical change in procedure here proposed, there would have been some controversy about it, and that however it was resolved, the language of the rule would have so indicated. Yet in spite of these facts there is in its language no mention or intimation that the subject was considered. This adds to our reasons for believing that the rule was never intended to change the practice which has been so long established and consistently followed in the courts of this state.

3. See 3 Moore, Federal Practice, § 18.10 (2) (2d ed. 1967), Purpose and Application of Federal Rule 18(b) (the same as ours).
4. See Donahue v. Warner Brothers Pictures Dist. Corp., 2 Utah 2d 256, 272 P.2d 177 (1954); 2 Sutherland, Statutory Construction § 4802 (3d ed. 1943).

5. E. g., Balle v. Smith, 81 Utah 179, 17 P.2d 224 (1932); Saltas v. Affleck, 99 Utah 381, 105 P.2d 176 (1940); Morrison v. Perry, 104 Utah 151, 140 P.2d 772 (1943); Hill v. Cloward, 14 Utah 2d 55, 377 P.2d 186 (1962); Robinson v. Hreinson, 17 Utah 2d 261, 409 P.2d 121 (1965).

■ The observations we have made concerning Rule 18(b) apply in a general way to the plaintiff's argument that joinder of the insurance company as a party defendant should be permitted under

Rule 20 Permissive Joinder of Parties. All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action.

In addition to the other observations we have made above, these further comments have specific application to Rule 20. First, it will be noted that the rule is permissive. Second, it is generally held that it is not proper to join an action such as the primary one here, which is based on negligence, and therefore in tort, with one like the claimed supplemental action, which would be in contract, and thus based upon a claim of an entirely different character.[6]

■ We are here confronted with a distinctly different situation than that presented in the recent case of Ellis v. Gilbert[7] in which we ruled by a divided court

that under discovery procedure authorized by Rules 33 and 26(b), U.R.C.P., information as to insurance, the name of the insurer and the amount of coverage, should be disclosed to the court and counsel, for the purposes therein discussed. From what we said in that case it logically follows that a copy of the policy should be produced upon proper demand. But we took care to indicate that the ruling went no further, and that information concerning insurance should not be disclosed to the jury. It is of importance to note here that until that case there had been no adjudication of the question there decided since the adoption of our new rules of procedure, effective January 1, 1950. However, this is not true of the question as to whether information as to insurance coverage may be disclosed to the jury. Subsequent to that date this court has on a number of occasions restated its traditional position as reflected in this language from the case of Robinson v. Hreinson:

We do not depart from our former position: that the question of insurance is immaterial and should not be injected into the trial; and that it is the duty of both counsel and the court to guard against it.[8]

---

6. See 8 Appleman, Insurance Law and Practice § 4861 (1942), citing Ellis v. Bruce, 215 Iowa 308, 245 N.W. 320, 329 (1932), and Conwell v. Hays, 103 W.Va. 69, 136 S.E. 604, 605 (1927).
7. 19 Utah 2d 189, 429 P.2d 39 (1967).

8. Citation footnote 5 above, at page 265 of 17 Utah 2d, page 123 of 409 P.2d. The writer recalls as pertinent here the wry comment of a much respected former member of this court in a comparable situation: "We could not make it any more definite unless we said damn it."

Affirmed. Costs to the defendant insurance company.

TUCKETT and ELLETT, JJ., concur.

CALLISTER and HENRIOD, JJ., concur in the result.