483 P.2d 447

Dorothy CHRISTENSEN and Ann Marie Larsen, Plaintiffs and Appellants,

v.

Carla Beth PETERSON and Allstate Insurance Company, Defendants and Respondents.

No. 12065.

Supreme Court of Utah.

April 2, 1971.

Ellett, J., dissented and filed opinion.

Wendell P. Ables, Salt Lake City, for plaintiffs-appellants.

C. L. Kingston, D. Gary Christian, Salt Lake City, for defendants-respondents.

CALLISTER, Chief Justice:

Plaintiffs were insureds under an uninsured motorist provision in a policy issued by Allstate Insurance Company. Plaintiffs sustained injuries in an automobile collision with defendant Peterson. They filed a complaint against both Peterson and Allstate; the claim against Peterson sounded in tort; the claim against Allstate arose out of the insurance contract. Allstate filed a motion to dismiss on the grounds that there was an improper joinder of parties and a misjoinder of remedies. The trial court granted the motion, and plaintiffs appeal.

1. 16 Utah 2d 223, 398 P.2d 873 (1965).

2. 20 Utah 2d 108, 433 P.2d 846 (1967).

On appeal plaintiffs urge that their action is a rational extension of the ruling of this court in Barnhart v. Civil Service Employees Insurance Company.[1] With this contention we cannot agree. In the Barnhart case, first, the tort-feasor was not a party to the action; secondly, the validity of an arbitration clause was the sole legal issue before this court. This court held that a clause was unenforceable in an uninsured motorist provision, which required the insured to submit his claim to arbitration on demand as a condition precedent to maintaining an action against the insurer.

There is a recent case in point. The reasoning that supported this court's decision in Young v. Barney[2] is equally applicable in the instant action, although there are certain factual distinctions, namely, in the Young case, plaintiff joined the tort-feasor's liability insurer as a party defendant, and in the present action plaintiffs joined their own insurer as a party defendant.

In Young v. Barney[3] this court held that Rules 18(b) and 20, U.R.C.P., could not be so construed as to permit joining an insurance company as a party defendant with the tort-feasor. This court observed that there was no reason to believe that the rules were intended to change the prior

3. Note 1, supra.
   P.2d.

practice of not permitting disclosure to a jury of insurance coverage in a personal injury trial. The opinion stated that it had always been understood that it was prejudicial error to inject deliberately insurance into such a trial. In regard to Rule 20, U.R.C.P., this court stated:

> * * * First, it will be noted that the rule is permissive. Second, it is generally held that it is not proper to join an action such as the primary one here, which is based on negligence, and therefore in tort, with one like the claimed supplemental action, which would be in contract, and thus based upon a claim of an entirely different character.[4]

In Lloyds' of London v. Blair,[5] the court observed that plaintiff had joined two causes of action. One sounded in tort, and no contractual right or liability was involved. The other was against a group of insurance carriers; the liability asserted was solely and exclusively contractual. No liability in the nature of a tort committed by the insurance company was involved. The court stated:

> * * * The two causes of action were separate and distinct with entirely different bases in law. No single party defendant was liable both as a tort feasor and as contractual obligee for the payment of compensation under an insurance agreement. And the issues as between plaintiffs and the United States on one hand, and as between plaintiffs and the insurance carriers on the other hand, were not identical.[6]

The court concluded that there was nothing in the Rules of Civil Procedure or their historical background which would lend support to the view that it was intended or purposed that a suit against insurance carriers for the enforcement of a contractual obligation contained in a policy of insurance could be joined with an action against the United States under the Tort Claims Act. Accordingly, the court held that the motion to dismiss the defendant insurance companies should have been granted without prejudice.

In Holt v. Bell[7] the court noted that it had consistently held in tort actions when liability insurance was involved that the insurer could not be joined with the tort-feasor unless it was a policy required by statute. The reason for such a rule is equally applicable where the insurer's obligation is under an uninsured motorist endorsement, namely, the presence of an insurer as a party defendant might have the same effect upon the jury as in a liability policy. The court stated:

> When the parties are placed in a position where the interest of an insurer is

---

4. At p. 112 of 20 Utah 2d, at p. 848 of 433

5. (C.A.10, 1958) 262 F.2d 211.

6. At p. 214 of 262 F.2d

7. Okl., 392 P.2d 361, 363 (1964).

to defeat the claim of its own insured, the position of the parties is such that the court cannot countenance the situation. The placing of the parties thusly virtually makes the plaintiffs' insurer the liability insurer of the defendant and interested in defeating plaintiffs' claim. Such being the case, under the holdings of this court, the insurer cannot be joined as a party defendant.[8]

The trial court properly dismissed Allstate as a party defendant in this action, and its ruling is affirmed. Costs are awarded to defendant Allstate.

TUCKETT, HENRIOD and CROCKETT, JJ., concur.

ELLETT, Justice (dissenting).

Plaintiffs, while covered by an insurance policy written by Allstate, were involved in a collision with an uninsured motorist. They sued the uninsured motorist and joined Allstate as a defendant under a provision of the policy which provided that they could recover from Allstate such sums as they would be legally entitled to recover as damages from the owner or operator of an uninsured automobile.

On motion made by Allstate, the trial court dismissed the complaint on the grounds that there was a misjoinder of remedies and also an improper joinder of parties.

As to the improper joinder of parties, it is settled law in Utah that an insured can sue his insurer directly under the uninsured motorist provisions of his policy. Barnhart v. Civil Service Employees Insurance Co., 16 Utah 2d 223, 398 P.2d 873 (1965). Other states holding the same way are listed in Section 4 of an annotation appearing in 24 A.L.R.3d at page 1334.

It may well be that the naming of an insurance company as a party defendant will have some effect on a jury, and for that reason insurance companies do not want a third party to join the insurer as a party defendant. Besides, in such a case the contract of insurance is with the insured and not with the one bringing the action. The insurance company in issuing its policy agrees to pay third parties up to the limits of its policy but only after a judgment is recovered against its own insured. Utah does not permit a joinder in such cases. Young v. Barney, 20 Utah 2d 108, 433 P.2d 846 (1967).

Allstate seeks refuge from the claim of the plaintiffs herein under Condition No. 4, page 16, of its policy, which reads:

No action shall lie against Allstate until after full compliance with all the

---

8. Also, see State Farm Mutual Automobile Ins. Co. v. Brown, 114 Ga.App. 650, 152 S.E.2d 641 (1966); Strickland v. English, 115 Ga.App. 384, 154 S.E.2d 710 (1967).

terms of this policy nor, as respects insurance afforded under Section I, until the amount of the insured's obligation to pay shall have been finally determined either by judgment against the insured after actual trial or by written agreement of the insured, the claimant and Allstate.

Any person or organization or the legal representative thereof having secured such judgment or written agreement, shall be entitled to recover under this policy to the extent of the insurance afforded, but this policy shall not give any right to join Allstate in any action to determine the insured's liability, nor shall Allstate be impleaded by the insured or his legal representative. * * *

It is apparent from reading this Condition that it does not apply to the uninsured motorist provision of the policy, for those provisions are to be found in Section II and not in Section I. Section I applies to third parties who sue the insured and attempt to join the insurer. It is an entirely different matter when the insured sues his own insurer on the contract between themselves.

Since Allstate can be sued directly by the plaintiffs, why cannot it be joined with the uninsured tort-feasor? The trial court apparently thought that an action on contract could not be joined with one in tort. This is true under common law pleadings, and in Young v. Barney, supra, it was said:

> * * * [I]t is generally held that it is not proper to join an action such as the primary one here, which is based on negligence, and therefore in tort, with one like the claimed supplemental action, which would be in contract, and thus based upon a claim of an entirely different character.

However, Rule 20(a), Utah Rules of Civil Procedure, provides as follows:

> * * * All persons may be joined in one action as defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action * * *.

The occurrence which gives the plaintiffs a right of action against both the uninsured motorist and Allstate is the claim of a right to recover from the tort-feasor. This is as true against Allstate as it is against the uninsured motorist. While it is true the action against Allstate is based upon contract, nevertheless, the liability of Allstate will not be established unless there is also established a legal right to recover from the uninsured driver.

**416**

This need not be established in a prior action if there is a question of fact or law common to the claim against each of the defendants. It seems clear to me that such common questions are involved in this action.

A further reason for holding that plaintiffs be not required to sue the tort-feasor and have liability determined before an action can be maintained against Allstate is pointed up in those cases where jurisdiction of the uninsured motorist cannot be obtained. Examples are: hit and run drivers; drivers who give false and fictitious names and addresses and cannot thereafter be located; citizens of this state who leave the jurisdiction before process can be served upon them; etc. In such cases the insured cannot have a determination of his right to recover unless he can establish that right in an original suit against his own insurer.

While the matter was not raised in Russell v. Paulson, 18 Utah 2d 157, 417 P.2d 658 (1966), the plaintiff sued both her own insurer and the uninsured driver in one action.

Since there was neither an improper joinder of parties nor a misjoinder of remedies in this case, I would remand the matter to the trial court with directions to reinstate Allstate as a party defendant and would award costs to the appellants.