502 P.2d 565

**Flora KESLER, Plaintiff and Respondent,**

v.

**Sherman Brimley TATE et al., Defendants and Respondents,**
and
**Transnational Insurance Company, Intervenor and Appellant.**

**No. 12806.**

Supreme Court of Utah.

Oct. 31, 1972.

Ellett, J., dissented and filed opinion.

Crockett, J., concurred in the dissent and filed additional observations.

Kipp & Christian, D. Gary Christian, Salt Lake City, for appellant.

Joel M. Allred, Salt Lake City, for Flora Kesler, plaintiff and respondent.

Greg R. Hawkins, Salt Lake City, for Sherman Brimley Tate et al., defendants and respondents.

HENRIOD, Justice:

Appeal from the denial of a motion by Transnational to intervene as a defendant allegedly to protect its rights in an action brought by Kesler, its insured, against defendants, alleged uninsured motorist tortfeasors,—where both plaintiff and defendants resisted the motion. Affirmed with costs to plaintiff and defendants.

The only substantial factual difference between this case and our recent case of Christensen v. Peterson,[1] so far as pertinent to the issue here, is that there the plaintiff attempted to join its carrier as defendant while here the carrier attempted to join itself as such. No point is made in the brief on appeal as to any reason for a different conclusion based on such distinction, we can see no such reason therefor, and consequently we conclude that the Christensen case is dispositive here, recognizing that there may be some division in the authorities.[2]

---

1. 25 Utah 2d 411, 483 P.2d 447 (1971).

2. It is significant that practically all of the authorities cited by the appellant either are from one state, in which case it appears that they were not Supreme Court decisions of that state, or other authorities which similarly are intermedi-

**356**

CALLISTER, C. J., and TUCKETT, J., concur.

ELLETT, Justice (dissenting):

I did not agree with the holding in the case of Christensen v. Peterson.[1] However, even though it is the decision of this court, I do not believe that it is controlling in this case. There, the insurer had furnished counsel to the defendant and had complete control of the defense. It had its day in court and was afforded due process of law in that it could cross-examine witnesses for the plaintiffs and offer such evidence as was available to make sure that it did not have to pay more to the plaintiffs than was justly due. In that case the insurer did not want the jury to know that insurance was involved. It may be that juries do give greater amounts of damages where they know there is an insurance carrier than when they think an individual defendant alone will be responsible. Insurers seem to respond as if they thought such to be the fact, whether it be so or not. In the Christensen case the plaintiffs wanted to join their insurance carrier, perhaps thinking that the judgment might be more readily obtained and the amount thereof be greater by having the insurance company joined as a party defendant.

ate, but not supreme court decisions, and we prefer to adhere to our own decision, which the appellant has not chosen to mention or discuss in its brief.

The reasons for excluding the unwilling insurer in the Christensen case are entirely lacking here. The plaintiff would undoubtedly be benefitted and not harmed by having an insurance company named as a party defendant, and the defendant should appreciate the help which could be given by a concern with ample resources to finance the defense.

If it be assumed that the insurer will be bound by the judgment rendered in the case in which it has had no opportunity to be heard, then there would be a denial of due process of law, for the gist of due process of law is the right to have a course of legal proceedings according to those rules and principles which have been established in our system of jurisprudence for the enforcement and protection of private rights. Under our system of law there must be a competent court to pass upon the subject matter of the dispute; and where that involves the personal liability of a defendant, the defendant must be brought within the jurisdiction of the court and be afforded the right to be present in court; to be heard, by testimony or otherwise; to have the right to cross-examine each and every witness for the opposition; and to offer such evidence as it may care to present to the court.

1. 25 Utah 2d 411, 483 P.2d 447 (1971).

The majority opinion will deny to the appellant these rights unless it is intended to compel the plaintiff to bring a separate action against her insurer and to allow the same issues to be tried de novo. If it is intended that such a separate action be subsequently brought against an insurer under the provisions of an insurance policy, then I dissent, for that holding will put plaintiffs to the unnecessary expense of having two lawsuits instead of one even though the identical issues will be raised in the second action as are litigated in the first.[2]

If, however, the main opinion assumes that the judgment in the instant case will be binding on the insurer both as to liability and amount, then I also dissent. I think an insurer in an uninsured motorist action must be permitted to participate in every action wherein it may be called upon to pay out money. It should have the same right to be heard when its insured is suing as when a third party is suing its insured.

The law of Utah permits intervention by interested parties. In the case of Commercial Block Realty v. United States Fidelity & Guaranty Co.,[3] one who had no interest in the action sought to intervene in order to assert a counterclaim against the plaintiff. In discussing the problem this court said:

> . . . It is often the case that an intervener has more interest in the subject-matter of the litigation than either the plaintiff or the defendant. To deny an intervener in such case the right to intervene or to say that he could not be heard to appeal from a judgment denying him such a right would be most unusual . . . .

Rule 24 of Utah Rules of Civil Procedure provides:

> Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; . . .

It is obvious that the parties in the instant matter are not adequately representing the interest of the appellant. The defendant objected to the intervention and refused to permit intervenor to assist in the defense of an action wherein any judgment recovered may bind the intervenor.

Since it appears to me that the interests of all parties would best be served by having one action and that there would be a

---

2. If the main opinion intends to say that plaintiff must bring a subsequent action against her insurer and there permit a trial de novo, then I can see no objection in *this* case, since it is her own fault that she will be put to the double expense.

I doubt very much that the plaintiff desires any such result.

3. 83 Utah 414, 418, 28 P.2d 1081, 1082 (1934).

conservation of time of the trial court in so doing, I would remand the matter to the trial court with directions to permit the appellant to intervene, and would award costs to the appellant.

CROCKETT, Justice (dissenting).

I concur with the dissent and add the following observations: Under our law as it has developed there is a paradox in that we allow the "real party in interest" to be joined in any action.[1] If that basic rule were followed, there could be no possible question but that Transnational Insurance Company is a proper party here. The paradox is that because of the possibility that injecting insurance into the case may distort justice, particularly in that jurors may be more likely to rule against insurance companies, it has long been firmly established in our decisional law that this may not be done.[2] In the instant case that difficulty is eliminated because the insurance company itself indicates its willingness to risk the possible distortion just mentioned and have it fully disclosed to court (and jury) that it pays the recovery. But it desires an opportunity to participate in assuring a just and accurate determination of the amount to be paid. If it is denied that opportunity it may well lie entirely in the hands of other parties (plaintiff and defendant) to make that determination, when neither has much interest in protecting the insurance company.

---

1. In addition to Rule 24, U.R.C.P., see Rules 17 and 19, U.R.C.P. The latter states: " . . . persons having a joint interest *shall* be made parties and be joined on the same side as plaintiffs or defendants."

2. Ellis v. Gilbert, 19 Utah 2d 189, 429 P.2d 39; Young v. Barney, 20 Utah 2d 108, 433 P.2d 846.