518 P.2d 1099

**Sandra J. SCHIPPERS and Sandra L. Coryell, Plaintiffs and Respondents,**

**v.**

**The STATE FARM MUTUAL AUTOMOBILE INSURANCE and The Farmers Automobile Insurance Company, corporations, Defendants and Appellants.**

**No. 13343.**

Supreme Court of Utah.

Jan. 29, 1974.

Wendell E. Bennett, of Strong & Hanni, Salt Lake City, for State Farm.

Don J. Hanson, Salt Lake City, for Farmers.

Wallace R. Lauchnor, of Bayle & Lauchnor, Salt Lake City, for plaintiffs and respondents.

HENRIOD, Justice:

■ Appeal from a judgment entered by Judge Sorensen, who apparently was called in to preside at a jury trial to determine but one issue: Whether one Brown, who had collided with a car in which respondent Schippers was riding, and against whom the latter had obtained a judgment, was an "uninsured motorist" covered under a policy issued by State Farm to Schipper's father, who had loaned his car to her and which she was driving at the time of the collision with Brown, and in which she was injured. The judgment is affirmed, except as to the interest awarded, which was computed at 8% from the date of Schipper's judgment against Brown, but which, in our opinion, should have been computed from the date of judgment at said rate against defendant, State Farm, the date of judgment against the latter.

No costs on appeal are awarded against any of the parties, and the other points urged on appeal, other than the sole issue mentioned above, decided by the jury to the effect that Brown was an "uninsured motorist," are rejected as being either untimely or unmeritorious.

■ The facts supporting plaintiff's case, which were reasonably believable by the jury, indicate that she sought out defendant, State Farm, whose representatives denied liability, sending her to the Farmers Automobile Insurance Company for solace, saying the latter was on the risk, which latter said it was not, and that State Farm was, which latest latter again said it was not,—which, need we say more? Friendliness, empathy of the milk of human kindness were not legal or argumentative condiments here, nor phrases in the parchment of disclaimer which apparently were delivered her. Such circumstances well may have driven her to the courts,—with no necessity for return for fruitless debate,—and we think the appellant hardly can press with distinction its contention that plaintiff did not in writing pursue the fine print as to notice of claim that on more than one occasion verbally had been urged by plaintiff just as eloquently as had she made her plaint, perhaps in words lacking in conformity with the niceties of those used in the pitiless written word. We think that after having received the emphatic "no-noes" that the record reveals were given her as a supplicant, she need not have plainted further save in the courthouse.

It appears that without indulging the somewhat convincing arguments in this case anent who was "primary" on the risk, who was "excess" on the risk, who "failed" to give notice of rights under the provi-

sions of a policy,—the jury, without hesitation, held in essence that the defendant, as a fact, was on the risk in this case under an "uninsured motorist" clause in its policy,—which Judge Sorensen affirmed, both of which conclusions we approve.

CALLISTER, C. J., and CROCKETT and TUCKETT, JJ., concur.

ELLETT, Justice (concurring and dissenting):

The plaintiff's car was insured by Farmers Automobile Insurance Company. While her car was in the garage being repaired, her father permitted her to use his car, which was insured by the State Farm Mutual Automobile Insurance Company. Brown, the driver of the car with which plaintiff collided, was uninsured, and the question here involved is which insurance company will pay for plaintiff's damages. Both her policy and that of her father had "Uninsured Motorist" coverage.

This court has held that the insurance coverage on the car being driven is primary and that of the driver is excess.[1] The trial court correctly held that the primary coverage was under the policy issued by State Farm Mutual Automobile Insurance Company on the car which plaintiff was driving and that it was liable for all damages which plaintiff sustained up to its maximum coverage.

In the instant matter not only was a summary judgment granted to plaintiff against State Farm holding it primarily liable, but a judgment also was entered against it for $10,962.19 without any evidence being given upon which the judgment could be based. It was apparently based on the fact that $10,000 was the limit of the uninsured motorist coverage, plus interest. The issue of negligence, if any, on the part of the uninsured motorist and that of contributory negligence on the part of the plaintiff and the amount of damages, if any, sustained by the plaintiff has never been determined in this case; and since State Farm is entitled to any defense available to the uninsured motorist, I cannot see how the money part of the judgment can be affirmed.

In another action the plaintiff had obtained a default judgment against Brown for a sum in excess of the policy limits of the uninsured motorist coverage, but this judgment cannot be binding upon State Farm because it never was a party to the action wherein the default judgment was rendered, nor could it have been made a party under the holdings of this court. This court held in the case of Christensen

1. Lyon v. Hartford Accident and Indemnity Company, 25 Utah 2d 311, 480 P.2d 739 (1971); Christensen v. Farmers Insurance Exchange, 21 Utah 2d 194, 443 P.2d 385 (1968); Russell v. Paulson, 18 Utah 2d 157, 417 P.2d 658 (1966).

v. Peterson [2] that an insured could not join its insurer in an action against an uninsured motorist. This court has also held that an insurer could not intervene when the insured sued an uninsured motorist.[3] I did not agree with these decisions, but a majority of this court did, and they are the law of this state.

Since it was not possible for State Farm to get into the action against Brown, it would be a denial of due process to charge it with a judgment to which it was not a party and had not had its day in court either as to liability or as to damages. Neither insurance company is obligated to represent the insured in an action against another party defendant. Its duty to protect the insured arises only when that insured is sued. The insurer in this case stands in the position of the uninsured motorist. It owes no duty to its own insured who seeks recovery under the provisions of the policy for damages occasioned by the uninsured motorist.

I concur in holding the policy of State Farm to be the primary coverage for plaintiff but dissent from affirming the summary judgment for the money damages. I would remand the case with directions to try the issues of liability of Brown and damages sustained by the plaintiff. No costs should be awarded.

2. 25 Utah 2d 411, 483 P.2d 447 (1971).

3. Kesler v. Tate, 28 Utah 2d 355, 502 P.2d 565 (1972).