Julie WRIGHT, Plaintiff and
Respondent,

v.

Daniel R. BROWN, Defendant,

v.

The AUTOMOBILE INSURANCE COM-
PANY OF HARTFORD, CONNECTI-
CUT, and the Traveler's Insurance Com-
pany, Garnishee Defendants and Appel-
lant.

No. 14883.

Supreme Court of Utah.

Jan. 16, 1978.

Paul S. Felt of Ray, Quinney & Nebeker,
J. Dennis Frederick, Salt Lake City, for
garnishee defendants and appellant.

Wendell P. Ables, Salt Lake City, for
plaintiff and respondent.

J. Bruce Reading, Salt Lake City, for
defendant Brown.

HALL, Justice:

The Traveler's Insurance Company, here-
inafter referred to as "Travelers" appeals a
default judgment entered in favor of plain-
tiff, hereinafter referred to as "Wright,"
and against defendant, hereinafter referred
to as "Brown."

Wright's action was for personal injuries
sustained while pushing a stalled vehicle
and being struck from the rear by a vehicle
driven by Brown, an uninsured motorist.
The driver of the stalled vehicle, Claudia
West, was insured by Travelers and Wright
was insured by Automobile Insurance Com-
pany of Hartford, hereinafter referred to as
"Aetna." Wright sued Aetna (her own in-
surer) and it in turn joined Brown and
Travelers as third-party defendants, alleg-
ing Travelers had the primary coverage.

Both Travelers and Aetna moved for
summary judgment, relying upon *Christen-
sen v. Peterson*[1] and it was granted.
Wright then amended her complaint so as
to proceed solely against Brown who was

1. 25 Utah 2d 411, 483 P.2d 447 (1971), which
holds that a plaintiff may not join its own
insurer as a party defendant with an uninsured
motorist tort-feasor. See also, *Kesler v. Tate*,

28 Utah 2d 355, 502 P.2d 565 (1972), holding an
insurer cannot intervene as a defendant in an
action by its insured against an uninsured mo-
torist tort-feasor.

then a member of the U.S. Air Force, serving outside the State of Utah. Consequently, he was served pursuant to the non-resident motorist statute[2] which prompted a special appearance by counsel to challenge the court's jurisdiction. The motion failed and after notice to Travelers and Aetna, default judgment was taken although one day prior thereto a further motion was filed to stay proceedings based on the provisions of the Soldiers' and Sailors' Civil Relief Act. This prompted the filing of a motion to set aside the default judgment which was also denied.

Garnishments were issued and served upon Travelers and Aetna seeking payment of the default judgment and they answered denying liability. Thereafter, Travelers filed this appeal.

It is obvious from the foregoing that Travelers is no longer a party to the action before us having been dismissed out on its own motion. It is a party to the garnishment proceeding only, and since that matter has not yet been determined, it is not a final judgment from which an appeal may be taken.[3] As a consequence, Travelers has no standing to take this appeal.

Wright and Brown are the only parties left in the action which resulted in a judgment by default. Neither has seen fit to take an appeal therefrom, hence the matter appears to be res judicata.

In response to Travelers plaint of no opportunity to contest liability and damages, and, if in fact the time is nigh to alter the course of the law as set forth in *Christensen v. Peterson* and *Kesler v. Tate*,[4] we necessarily must await a time when jurisdiction is properly conferred upon us by a valid appeal.

**2.** U.C.A.1953, 41–12–8.

**3.** Rule 72(a), U.R.C.P.

**4.** *Supra*, note 1.

**1.** U.C.A., 1953, 41–12–8.

**2.** 25 Utah 2d 411, 483 P.2d 447 (1971).

The appeal is dismissed and costs awarded to Wright.

MAUGHAN and WILKINS, JJ., concur.

ELLETT, Chief Justice (dissenting):

Julie Wright (hereafter called "plaintiff") sued Daniel R. Brown (hereafter called "defendant") and obtained a default judgment against him in the amount of $11,923.17. Service was made upon the defendant pursuant to the "long-arm statute" of Utah.[1] The action grew out of a motor vehicle collision wherein the defendant was an uninsured motorist. Defendant collided with the vehicle that plaintiff was pushing at the time of the accident and which was insured by The Traveler's Insurance Company (hereafter called "Traveler's").

Traveler's had been a party to the action but moved for summary judgment on the strength of two Utah cases. The trial court granted the motion and dismissed the claim against Traveler's.

The first case relied upon by the trial court in granting the summary judgment was *Christensen v. Peterson*.[2] There, the plaintiff sued the tort-feasor (an uninsured motorist) and his own insurance carrier. The trial court held that the insurance carrier could not be joined as a party in the case and dismissed the complaint as to it. On appeal, this Court affirmed.[3]

The second case was *Kesler v. Tate*.[4] In that case, the insurer for the plaintiff there sought to intervene since the action was against an uninsured motorist and the insurer desired to have its day in court and not be compelled to pay a judgment against it without chance to be heard. Again, this Court thought the *Christensen* case was dispositive and sustained the trial court in refusing to permit the intervention by the insurer.[5]

**3.** The author of this opinion dissented in that case.

**4.** 28 Utah 2d 355, 502 P.2d 565 (1972).

**5.** The author of this opinion and Justice Crockett dissented from the holding in that case.

In the instant matter, Traveler's was in the case, but relying on the holding in *Christensen*, sought to be dismissed for the reason that it was not a proper party. When it was no longer a party to the case, the plaintiff secured a default judgment against the defendant and then proceeded to garnish Traveler's. Traveler's replied to the garnishment and answered that it owed nothing to the plaintiff. A motion of plaintiff to determine the indebtedness of Traveler's was set for hearing on the regular trial calendar but has not yet been heard.

The defendant then moved to set aside the default judgment and to stay the matter because he was in the Army Air Corps. This motion was denied and Traveler's brought this appeal.

Traveler's is not now a party to the action between plaintiff and defendant and has no standing to take this appeal. It is a party to the garnishment proceeding only, but that matter has not yet been determined and, therefore, is not a final judgment from which an appeal may be taken under Rule 72(a), Utah Rules of Civil Procedure. Besides, Traveler's is making no appeal regarding that matter.

To compel an insurance carrier to pay a claim under its policy without an opportunity to be heard regarding liability and damage is a gross denial of due process of law; and the cases of *Christensen v. Peterson* and *Kesler v. Tate* were erroneously decided. We should hold that a party may join his insurance carrier as a party when he sues an uninsured motorist, and if he fails to do so, his carrier may intervene as a party defendant. All prior cases holding to the contrary should be overruled.

U.C.A.1953, 41–12–21.1 provides that all insurance policies on motor vehicles must provide "for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles and hit-and-run motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom. . . ."

To require an insurance carrier to pay a judgment without having an opportunity to contest liability and damages of the uninsured motorist tortfeasor opens the way for collusion and fraud. The case of *Jensen v. Railway Co.*[6] set the law of this Court and it has never been departed from. There it was stated:

. . . Lord Coke at an early day gave to the phrase 'law of the land' an interpretation which has never been departed from, but adopted by all subsequent judges and writers. He said it meant 'due process of law.' This definition, as has been seen, is adopted into our Constitution. But it yet remains for us to define 'due process of law,' as understood in the common law of England, and by inheritance the common law of America. Many definitions have been attempted, but it is believed that they all come to this citation, which means that a party shall have his day in court,—trial; which means the right of each party, plaintiff and defendant, to introduce evidence to establish his right to recover on the one hand, and to establish his defense upon the part of the other; after which comes judgment. Any judgment which is rendered without these modes of procedure, or in disregard of them, is not 'due process of law.' Any other procedure condemns before it hears, does not proceed upon inquiry, but renders judgment before trial.

Rule 20, Utah Rules of Civil Procedure, provides that all persons may be joined in one action, whether plaintiffs or defendants, if there exist any rights arising out of the same transaction, occurrence, or series of transactions or occurrences if any question of law or fact common to all of them will arise in the transaction.

By law, the insurance carrier of a plaintiff is substituted in the uninsured motorist's place so far as paying for the damages is concerned. It, therefore, must be given an opportunity to be heard before it is required to pay a judgment to which it was not a party.

**6.** 6 Utah 253, 21 P. 994 (1889).

In the present case, Traveler's was a party to the action and was not denied any opportunity to defend on behalf of the defaulting defendant. Instead, it voluntarily moved to be dismissed from the case. Even though the case law at the time indicated that it could and should be dismissed, the plaintiff did nothing to cause it to cease to remain as a party. It could have called witnesses, made arguments to the jury and thus defended its position as one who would likely be called upon to respond in damages for the tort of the uninsured motorist. Its appeal in this case, whereby it attempts to set aside a judgment against the tort-feasor, cannot be permitted to succeed.

Since all parties followed the law as the cases had then been decided, it would be a miscarriage of justice to require Traveler's to pay a judgment that was not contested by itself or by anybody else. Therefore, at the hearing on the garnishment matter, Traveler's should be permitted to raise the question of liability on the part of the uninsured absent defendant and the amount of damages, if any, sustained by the plaintiff. This gives it an opportunity to have its day in court. Hereafter, when a plaintiff sues an uninsured motorist, it should join its own insurance carrier if it does not desire to relitigate the same issues over again at the time it seeks to recover on its policy. Likewise, the insurance carrier in such a case should intervene if it does not wish to litigate its liability on the policy in a separate action.

The judgment of the trial court ought to be affirmed and the case remanded for further proceedings in accordance with this dissent. No costs should be awarded.

CROCKETT, J., concurs in the views expressed in the dissenting opinion of EL-LETT, C. J.