**DAIRYLAND INSURANCE CORP.,**
**Plaintiff and Respondent,**

v.

**Susan B. SMITH, Administratrix of the Estate of Jack Ellis, Patrick Hall, Robert Hall and Daniel F. Defriez, Defendants and Appellants.**

**No. 17109.**

Supreme Court of Utah.

May 11, 1982.

---

David S. Cook, Bountiful, for defendants-appellants.

Wendell D. Bennett, Salt Lake City, for plaintiff-respondent.

HOWE, Justice:

Defendants Patrick Hall and Robert Hall suffered serious injuries in an automobile accident which occurred when Jack Ellis, the owner and driver of an insured vehicle, collided with defendants Hall. Ellis was killed. The Halls appeal from a declaratory judgment adverse to them entered in an action brought by plaintiff Dairyland Insurance Corp. to void the automobile insurance policy of Ellis due to material misrepresentations by him.

Prior to the accident, in order to obtain insurance on his vehicle, Ellis went with Daniel Defriez to meet Howard Musselman who was authorized to write insurance for Dairyland. In response to questions on the application, Ellis represented to Musselman that he would not be driving the van because of his poor eyesight. Defriez would drive the van for him. Musselman noted this information in his handwriting on the application and also entered Ellis as the owner of the van and Defriez as the named insured. In the space where all other drivers were to be listed Musselman wrote "none". After Ellis signed the application, Musselman bound coverage.

In the normal course of business Dairyland requested and received a report on the driving record of Defriez, the named insured and only driver listed. No report on the driving record of Ellis, the owner, was requested. Observing no problems in the driving record of Defriez, Dairyland issued the policy. Dairyland claimed that it would not have issued the policy had it known that Ellis would drive the van.

After the accident, Dairyland filed this action seeking a declaratory judgment of its non-liability on the theory that the policy was void ab initio. The Halls counterclaimed against Dairyland and cross-claimed against the other defendants seeking: (1) declaratory judgment that the insurance policy was in full force and effect at the time of the accident; (2) judgment against the estate of Ellis for personal injury and property damage; and (3) judgment that if the insurance did not cover the accident, Defriez and the estate of Ellis were liable for all damage suffered by the Halls. The court dismissed the Halls' claims as being an improper joinder of actions. Thereafter, to avoid the running of the statute of limitations, the Halls filed a separate suit (against the estate of Ellis) which is presently pending the outcome of this case. The other defendants, Smith, administratrix for Ellis, and Defriez, the named insured, were not represented by counsel and presented no defense at trial.

After a trial, the court ruled that the insurance policy was void from its inception, finding that Ellis had falsely represented that Defriez would be the sole operator of the vehicle and that Dairyland had relied upon that misrepresentation. The court held that Dairyland, therefore, was not liable to the defendants. The Halls appeal seeking reversal of the judgment of the lower court and a determination that their counterclaim and cross-claim were improperly dismissed.

The Halls argue that § 41–12–21(f), U.C.A.1953 of the Utah Safety Responsibility Act precludes the rescission of an insurance policy after an accident has occurred. In other words, since the collision has already occurred, Dairyland may not now rely on earlier false statements by Ellis in order to avoid its possible liability to the Halls. Section 41–12–21(f) provides:

(f) Every motor vehicle liability policy shall be subject to the following provisions which need not be contained therein: .

(1) the liability of the insurance carrier with respect to the insurance required by this act shall become absolute whenever injury or damage covered by said motor vehicle liability policy occurs; said policy may not be canceled or annulled as to such liability by any agreement between the insurance carrier and insured after the occurrence of the injury or damage; *no statement made by the insured or on his behalf and no violation of said policy shall defeat or void said policy* ; [Emphasis added.]

Dairyland counters with the argument that the provisions of the Utah Safety Responsibility Act are applicable only to policies required to be certified under § 41–12–19 of that Act. Since the policy of Ellis was not certified nor required to be certified, Dairyland contends that § 41–12–21(f) is erroneously relied upon by the Halls. For support Dairyland cites *Allstate Insurance Co. v. United States Fidelity and Guaranty Co.*, Utah, 619 P.2d 329 (1980); *Western Casualty and Surety Co. v. Transamerican Insurance Co.*, 26 Utah 2d 50, 484 P.2d 1180 (1971); and *Utah Farm Bureau Insurance Co. v. Chugg*, 6 Utah 2d 399, 315 P.2d 277 (1957). Both *Western Casualty* and *Utah Farm Bureau* are cases which are inapplicable here because they predate the enactment of the Utah Automobile No-Fault Insurance Act, § 31–41–1 et seq.

We find *Allstate* to be controlling—but in support of the Halls' position rather than Dairyland's. In *Allstate*, although we did not accept the argument that the enactment of the No-Fault Insurance Act estab-

lished a "constructive compulsory liability insurance requirement," we expressly held that the requirements of § 41–12–21 of the Safety Responsibility Act were incorporated into the No-Fault Act. We stated:

Thus, the No-Fault Act, while ostensibly distinct from the Safety Responsibility Act, expressly incorporates provisions of the latter act, (those setting out the 'qualifications' of an insurance policy under that act) into its security requirements. We interpret this as evidence of the intent of the legislature, to require the minimum coverages outlined in the Safety Responsibility Act in all insurance policies used as security for the registration and subsequent operation of motor vehicles in Utah.

The qualifying language of the Safety Responsibility Act is found primarily in 41–12–21. . . . [Footnote omitted.] [619 P.2d at 332.]

■ First, because the application of the holding in *Allstate* is to "all insurance policies used as security for the registration and subsequent operation of motor vehicles in Utah," the classification of the policy of Ellis as one not certified does not exclude it from the requirements of § 41–12–21. Any policy written to satisfy the security requirements of the No-Fault Act, § 31–41–5(1)(a), must meet the qualifications enumerated in § 41–12–21 of the Safety Responsibility Act. Secondly, at issue in *Allstate* was the language of § 41–12–21(b)(1) and (2). At issue here is subparagraph (f)(1) of the same provision. There is no persuasive legal or policy argument that would justify distinguishing between the application of the two subparagraphs of the same provision. Therefore, regardless of the non-certification of the insurance policy in this case, § 41–12–21(f), U.C.A.1953 of the Safety Responsibility Act precludes rescission of the policy after the occurrence of the accident involving the Halls to the extent of the minimum coverages required in the No-Fault Act. *Allstate Insurance Co. v. United States Fidelity and Guaranty Co.*, supra.

The Halls also challenge the dismissal of their counterclaim and cross-claim relying upon *Shingleton v. Bussey*, Fla., 223 So.2d 713 (1969) for support. *Shingleton* held that an injured party should be treated as a third-party beneficiary under the tort-feasor's insurance contract. That is not the law in this jurisdiction and will not be relied upon by this Court to reverse the trial court's decision.

However, the cases referred to by Dairyland in its argument supporting the trial court's decision are not persuasive for the proposition for which they are cited either. See *Kesler v. Tate*, 28 Utah 2d 355, 502 P.2d 565 (1972); *Christensen v. Peterson*, 25 Utah 2d 411, 483 P.2d 447 (1971); and *Young v. Barney*, 20 Utah 2d 108, 433 P.2d 846 (1967). They hold that it is improper to join an insurance carrier as a party in a tort case because of the potential prejudicial effect it would have upon the trier of fact. Language in these cases which suggests there were improper joinders of tort and contract actions is only dicta. Consequently, if the claims sought to be joined in this case are to be dismissed, the dismissal should be granted because of the potential prejudicial effect the joinder would have in making the trier of fact biased for or against one of the parties, not because the joinder is of both tort and contract actions.

██ Dairyland argues that dismissal of the claims in this instance should be sustained since the Halls have suffered no prejudice and they have a separate lawsuit pending against the estate of Jack Ellis on these issues. However, the policy of the Utah Rules of Civil Procedure favors joinder of claims. As the Halls point out, the Rules allow liberal joinder of causes of action which arise from the same transaction. They cite particularly Rules 13, 18, and 20. Justice and efficiency of court administration do favor singular disposition, whenever possible, of all claims having a common basis. The question, therefore, is not whether the Halls will suffer prejudice by having their claims dismissed but whether Dairyland can show that it will be prejudiced if the claims are joined and tried in the same action. The trial court dismissed the claims in this case on the basis of dicta in former opinions of this Court. Since our Rules favor joinder of claims, unless Dairyland can show the trial judge that potential bias by the trier of fact would result from joinder, the joinder in this case should be allowed.

Accordingly, the judgment of the trial court and the dismissal of the Halls' counterclaim and cross-claim are reversed and the case is remanded for further proceedings consistent with this opinion. Costs to appellant.

OAKS, J., concurs.

STEWART, J., concurs in the result.

DURHAM, J., does not participate herein.

HALL, Chief Justice (concurring):

Notwithstanding my dissent in *Allstate Insurance Co. v. United States Fidelity and Guaranty Co.*,[1] I now recognize the law to be that if one opts to provide a policy of insurance [2] to satisfy the security requirements for the registration of a motor vehicle,[3] that the policy of insurance so provided must meet the further requirements of the Safety Responsibility Act.[4]

---

1. Utah, 619 P.2d 329 (1980).

2. Permitted by U.C.A., 1953, 31–41–5(1)(a).

3. Set forth in U.C.A., 1953, 31–41–4.

4. U.C.A., 1953, 41–12–1 *et seq.*