Patricia CHRISTIANSEN, Plaintiff and Appellant,

v.

HOLIDAY RENT–A–CAR, dba Flexi-Lease, Inc., and DeVon K. Hammer, Defendants and Appellants.

HOLIDAY RENT–A–CAR, dba Flexi-Lease Inc., Third-Party Plaintiff,

v.

Harold T. HINCKLEY, and Rex Howell, dba Airport Shuttle Parking, Third-Party Defendants and Respondents.

Don MAW and Beverly Maw, Intervening Plaintiffs and Appellants,

v.

David LINGARD, John Lingard, and Craig Lingard, Additional Third-Party Defendants and Appellants.

No. 19700.

Supreme Court of Utah.

May 29, 1987.

Rehearing Denied Aug. 17, 1987.

Samuel King, Salt Lake City, for plaintiff and appellant.

Dale J. Lambert, Salt Lake City, for defendants and appellants.

Robert Stevens, Salt Lake City, for third-party defendants and respondents.

Gerald E. Nielson, Salt Lake City, for intervening plaintiffs and appellants.

ZIMMERMAN, Justice:

This is an appeal from a district court ruling that granted a summary judgment sought by Airport Shuttle Parking ("Airport") against Patricia Christiansen and that denied a cross-motion brought by Christiansen against Airport. The motion that was granted fixed at $15,000 the damages due Christiansen from Airport on a

breach of contract claim that Holiday Rent-A-Car ("Holiday") had brought against Airport and then assigned to Christiansen. In the motion that was denied, Christiansen sought summary judgment against Airport and Home Insurance Company ("Home"), a non-party to this action, for $246,033.08 as damages she suffered from an accident on Holiday's premises. We affirm the trial court's denial of Christiansen's motion, and we reverse its grant of Airport's motion.

The procedural posture of this case is rather confusing, so we set it out in some detail. Airport was the landlord of certain business premises. It leased space on its premises to Holiday. Airport was insured against liability claims by Home. As part of its lease agreement with Holiday, Airport agreed to arrange for the extension of its liability coverage to Holiday.

Christiansen, an employee of Airport, was injured on Holiday's premises. She brought a tort action against Holiday. Holiday tendered its defense to Airport and to Home. Home took the position that its policy with Airport did not extend liability coverage to Holiday. Holiday then filed a third-party complaint against Airport, alleging that Airport had breached its contractual duty to procure insurance coverage for Holiday. Neither Holiday nor Airport attempted to bring Home into the lawsuit to determine whether, in fact, Airport's policy with Home did insure Holiday against liability for Christiansen's injuries.

Trial of the action was bifurcated so that the issue of Holiday's liability to Christiansen in tort would be determined separately from the issue of the contractual liability of Airport to Holiday. (Presumably, any liability of Home to Airport or Holiday could also be determined at the same time the contractual issues were litigated, provided that one of the parties had brought Home into the action by that time.)

Before the trial of the tort action was held, Christiansen and Holiday entered into a settlement. Under that settlement, Holiday agreed to the entry of a stipulated judgment on the tort claim fixing liability upon it for Christiansen's injuries. However, Christiansen agreed not to attempt to satisfy this judgment by proceeding against Holiday. Instead, Holiday agreed to pay Christiansen $15,000 and to assign to her any claims it had against Airport and Home. The day following the execution of the settlement agreement, Christiansen obtained a court-approved stipulated judgment against Holiday in the amount of $246,033.08. Airport appeared at the hearing and entered an objection as to the amount of the judgment.

Christiansen then continued to prosecute the action, but this time by pressing against Airport the claim that Holiday had originally filed against Airport as a third-party claim and then assigned to Christiansen upon settlement. This claim alleged that Airport had a contractual obligation to secure the extension of its liability insurance to Holiday and sought to recover damages suffered by Holiday due to the breach of this obligation. A trial was held, and an eight-member jury unanimously found that Airport did agree to secure the extension of Home's liability coverage to Holiday. The trial court reserved all other pertinent issues for later determination.

At that point in the proceedings, the critical issue became whether Holiday was covered by the Home policy. If it was, then Airport did not breach its agreement to secure insurance coverage for Holiday, and Home was liable according to the terms of the insurance policy. If Holiday was not covered by the Home policy, then Airport's breach of contract was Christiansen's only possible basis for recovery.

Airport moved for a summary judgment, asking the trial court to determine that the damages due Christiansen on the breach of contract claim assigned her by Holiday were limited to the amount that Holiday had actually paid to Christiansen—$15,000. Since the jury determined only that Airport had contracted to obtain coverage and did not reach the question of whether, in fact, coverage had been obtained, that factual issue was an obstacle to Airport's motion. To avoid this obstacle, Airport admitted for purposes of the summary judgment motion, that it had failed to secure an extension of

the Home coverage to Holiday.[1] Christiansen filed a cross-motion for summary judgment, contending that Airport *and Home* were liable for the full $246,033.08. The reasoning that led to the filing of this cross-motion evades us, since Home and Airport could only be alternatively liable, not jointly liable, and Home's liability could not be determined at that point in the proceeding because Home was not a party to the action.

At oral argument on the motion, Christiansen's counsel stated that in making the motion, he was not attempting to recover against Airport for breach of its agreement to insure Holiday; rather, he claimed that his motion should be granted because Holiday was, in fact, covered by the Home policy and that the damage measure should be the amount of the tort judgment entered against the insured, Holiday.

The district court's memorandum decision noted the odd posture assumed by Christiansen's counsel and then proceeded to reject Christiansen's claim, instead entering summary judgment for Airport.

The anomaly in [plaintiff's] argument is that if (as plaintiff claims) Home does cover Holiday, then Airport has fulfilled its obligation and owes Holiday (and consequently, plaintiff) nothing at all. Plaintiff may have a good cause of action against Home, and may be entitled to recover her full judgment against Home; but Home is not a party to this lawsuit.

Since Airport seems willing to concede that it did breach its agreement to insure Holiday, the question remains as to the extent of liability for this breach.

. . . .

The only damages that flowed from that breach were the $15,000.00 payment made by Holiday and its attorney fees and costs. ... Of course plaintiff is not obligated to accept this amount if she plans to pursue Home, and her counsel concludes that accepting the $15,000.00 would prejudice her case against Home.

■ On appeal, Christiansen attacks the district court's grant of Airport's motion for summary judgment on substantive grounds, contending that the $15,000 limit on damages was improper. We express no opinion on the proper measure of damages, because the issue of damages should never have been addressed by the trial court in the context of this motion for summary judgment. Whether Holiday was covered by Airport's insurance issued by Home was a genuine issue of material fact that precluded summary judgment. Utah R.Civ.P. 56(c). Airport's limited concession of liability does not cure this problem; it was not a concession that Christiansen accepted. At oral argument on the motions, Christiansen maintained that Holiday was covered by the Home policy. Absent a resolution of that issue, the court could not determine whether Airport was liable at all. For this reason, summary judgment on the issue of damages was improper. Therefore, we reverse the trial court's grant of Airport's motion for summary judgment.

■ Christiansen also argues on appeal that the district court should have granted her motion for summary judgment against Airport and Home for the full amount of the stipulated judgment. There is no merit to this position. The court properly decided that Home's liability could not be determined because Home had not been joined as a party and, therefore, would not be bound by such a judgment. And, as indicated previously, there was a genuine issue of material fact that precluded any determination of the liability of either Home or Airport.

Christiansen counters that the failure to bring Home into the action is not a basis for denying her a judgment for the full amount of the tort award. She reasons that under Utah law, a plaintiff must direct any action against the tort-feasor and may

---

1. Christiansen asserts on appeal that Home's lawyer is actually conducting Airport's defense and that there has been collusion between Airport and Home in an attempt to deny Christiansen the benefits of the insurance policy. Specifically, she argues that Home is attempting to limit its potential exposure to $15,000 by having Airport admit that it breached its agreement and by agreeing to pay any judgment based on that breach. Although there may be substance to Christiansen's charges, that fact does not alter our conclusion.

not name the tort-feasor's insurer as a party to an action. Since she was precluded from naming Home, that fact cannot be used to deny her the full judgment to which she is entitled.

It is true that Home could not be a named party in Christiansen's original tort action against Holiday. *See* Utah R.Evid. 411; *Christensen v. Peterson*, 25 Utah 2d 411, 412–13, 483 P.2d 447, 448 (1971); *Young v. Barney*, 20 Utah 2d 108, 111, 112, 433 P.2d 846, 848–49 (1967). But once she settled with Holiday and began pursuing Holiday's assigned rights, which included Holiday's claims against both Airport and Home, nothing precluded her from bringing Home into the action for a determination of the coverage of its insurance policy and its liability for the tort judgment against Holiday. *See* Utah R.Civ.P. 20, 21. However, as matters stand, due to plaintiff's failure to join Home, the issue of whether Holiday was covered by the Home insurance policy has yet to be resolved. We are therefore unmoved by Christiansen's argument and affirm the trial court's denial of her motion for a summary judgment.

The judgment below is reversed in part and affirmed in part.

HALL, C.J., STEWART, A.C.J., and HOWE and DURHAM, JJ., concur.