2008 UT App 414

### DAVIS COUNTY, Plaintiff and Appellant,

v.

### PROGRESSIVE NORTHWESTERN INSURANCE CO., as the insurer of James Jensen, judgment debtor, Defendant and Appellee.

No. 20070997–CA.

Court of Appeals of Utah.

Nov. 14, 2008.

---

Trent J. Waddoups, Salt Lake City, for Appellant.

Joseph J. Joyce, Ryan J. Schriever, and Clint A. McAdams, South Jordan, for Appellee.

Before Judges THORNE, BILLINGS, and DAVIS.

## OPINION

DAVIS, Judge:

¶ 1 Davis County (the County) appeals the district court's order granting summary judgment in favor of Progressive Northwestern Insurance Co. (Progressive). We affirm.

## BACKGROUND

¶ 2 In a related proceeding, the County sued James Jensen, the tortfeasor, and his insurer, Progressive, claiming that Progressive must reimburse the County for the intentional act committed by Progressive's insured.[1] The trial court granted summary judgment in favor of Progressive, concluding that due to an exclusion for intentional acts in Progressive's auto insurance policy with the tortfeasor, Progressive did not owe coverage to the tortfeasor, including defending him at trial. In 2003, this court affirmed the trial court's grant of summary judgment in favor of Progressive on the alternate ground that the County lacked standing to pursue a direct claim against Progressive. *See Davis County v. Jensen*, 2003 UT App 444, ¶ 7, 83 P.3d 405.

¶ 3 The following year, the Utah Supreme Court issued *Speros v. Fricke*, 2004 UT 69, 98 P.3d 28, which held that insurance coverage of intentional acts like those committed by the tortfeasor could not be excluded under Utah law. *See id.* ¶¶ 42–46. Believing *Speros* revived its case, the County refiled against Progressive. In its new complaint, the County claimed that its "attempts to execute" the 2001 judgment it obtained against the tortfeasor "were returned *nulla bona.*" In its response to Progressive's requests for admissions, the County stated that it had "attempted to execute its judgment, but [the tortfeasor] cannot be located after

---

1. For a complete recitation of the facts in the case, see *Davis County v. Jensen*, 2003 UT App 444, ¶¶ 2–5, 83 P.3d 405.

reasonable inquiry. Information as to his residence may be in the possession of [Progressive]." Progressive filed a Motion for Summary Judgment, arguing that "[the County's] claims [against Progressive] are barred under the doctrines of claim preclusion and issue preclusion." Alternatively, Progressive argued that summary judgment could also be granted on the basis that "[the County] lacks standing to pursue a direct action against Progressive."

¶ 4 In its objection to Progressive's proposed order granting summary judgment, the County again claimed that it had made an " 'attempt' " to execute the judgment against the tortfeasor. "The question," the County explained in its objection, "was whether the inability to locate Progressive's insured was sufficient to satisfy the 'returned unsatisfied' language [in Utah Code section 31A–22–201]." *See generally* Utah Code Ann. § 31A–22–201 (2005) ("Every liability insurance policy shall provide that the bankruptcy or insolvency of the insured may not diminish any liability of the insurer to third parties, and that if execution against the insured is returned unsatisfied, an action may be maintained against the insurer to the extent that the liability is covered by the policy."). However, the County did not dispute that it "was unable to literally 'execute' in the sense of exercising a post-judgment remedy available at law or described in the Utah Rules of Civil Procedure and that [the County] was unable to file papers with the [district court]."

¶ 5 Accordingly, the district court granted Progressive's motion for summary judgment, concluding that (1) the County had not satisfied section 31A–22–201's "returned unsatisfied" provision and (2) the County was barred from relitigating the case, regardless of the holding of *Speros*, under the doctrines of claim preclusion and issue preclusion.[2] The County appeals.

## ISSUE AND STANDARD OF REVIEW

¶ 6 Summary judgment is properly granted only when there are no genuine issues as to material facts and " 'the moving party is entitled to judgment as a matter of law.' " *Jensen*, 2003 UT App 444, ¶ 6, 83 P.3d 405 (quoting *Prince v. Bear River Mut. Ins. Co.*, 2002 UT 68, ¶ 14, 56 P.3d 524); *see also* Utah R. Civ. P. 56(c). Such determinations are reviewed for correctness, granting no deference to the district court and viewing the facts and reasonable inferences therefrom in the light most favorable to the nonmoving party. *See Jensen*, 2003 UT App 444, ¶ 6, 83 P.3d 405.

## ANALYSIS

¶ 7 "[A]n injured party has no direct cause of action in contract against a tortfeasor's insurer because the insurer's liability to the injured party 'arises only secondarily, through its contractual arrangement with the [tortfeasor].' " *Davis County v. Jensen*, 2003 UT App 444, ¶ 11, 83 P.3d 405 (second alteration in original) (quoting *Campbell v. Stagg*, 596 P.2d 1037, 1039 (Utah 1979)). And " '[a tortfeasor's] insurer [may] not be joined with the tort-feasor unless [such was] required by statute.' " *Id.* (alterations in original) (quoting *Christensen v. Peterson*, 25 Utah 2d 411, 483 P.2d 447, 448 (1971)). Utah Code section 31A–22–201 is therefore the only avenue by which the County could have standing to sue Progressive. *See id.* ¶ 11–13. Under that statute, a tortfeasor's insurer may be joined with the tortfeasor if the plaintiff "can establish that (1) [the tortfeasor] was insured under the [insurer's] policy and (2) [the plaintiff] obtained, but was unable to execute on, a judgment against [the tortfeasor]." *Speros v. Fricke*, 2004 UT 69, ¶ 9, 98 P.3d 28.

¶ 8 In *Speros*, the tortfeasor had died "and all indications in the record suggest[ed] that execution against [the tortfeasor's] estate would prove futile." *Id.* ¶ 55. However, nothing in the record suggested that the plaintiff "actually attempted an execution against [the tortfeasor] that was returned unsatisfied." *Id.* "Because an unsatisfied attempt to execute on a judgment against an

---

**2.** Because we affirm on the first part of the district court's order, we do not address whether the County is precluded from filing this case in light of the related *Davis County v. Jensen* proceeding or whether *Speros* revives the County's claim.

insured is a prerequisite element" for standing under the statute, the supreme court remanded for a finding on the issue. *Id. See generally* Utah Code Ann. § 31A–22–201 ("[I]f execution against the insured is returned unsatisfied, an action may be maintained against the insurer to the extent that the liability is covered by the policy.").

¶ 9 Here, by contrast, the County not only failed to provide evidence that it had attempted to execute on the judgment against the tortfeasor, but it also failed to provide evidence that such execution would have been futile. The County argues that execution against the tortfeasor would have been futile but has provided no evidence other than bald assertions to suggest actual futility.[3] Indeed, the County admits that it never even attempted to obtain a writ of execution, let alone tried to serve the tortfeasor in any fashion.[4] As such, a remand would merely give the County another bite at the apple.

## CONCLUSION

¶ 10 We affirm the district court's grant of summary judgment in favor of Progressive. The County failed to attempt to execute on its judgment against the tortfeasor, let alone obtain an execution returned unsatisfied. Moreover, the County offered no evidence to support its futility argument. This does not fulfill the requirements of the statute; thus, the County continues to lack standing.

¶ 11 WE CONCUR: WILLIAM A. THORNE JR., Associate Presiding Judge and JUDITH M. BILLINGS, Judge.

---

**3.** The County cites *Woodfin Equities Corp. v. Harford Mutual Insurance Co.*, 110 Md.App. 616, 678 A.2d 116 (Ct.Spec.App.1996), *aff'd in part and rev'd in part*, 344 Md. 399, 687 A.2d 652 (1997), to support its argument that any further efforts by the County to locate the tortfeasor would have been futile. However, in *Woodfin*, the plaintiff hired a private investigator and there was testimony that the insured had moved to Canada, that the insured's company had been closed, and that the insured's assets had been sold. *See id.* at 126. Here, the County has not described any efforts it made in searching for the tortfeasor. Moreover, Utah law requires plaintiffs to provide some evidence of futility or make some serious efforts to locate a tortfeasor before they can rely on doctrines such as futility. *Cf. Colosimo v. Roman Catholic Bishop*, 2007 UT 25, ¶ 40, 156 P.3d 806 ("[A] plaintiff must be reasonably diligent in pursuing his claims.... [B]efore a plaintiff may rely on the fraudulent concealment doctrine, he must have actually made an attempt to investigate his claim and ... such an attempt

must have been rendered futile as a result of the defendant's fraudulent or misleading conduct."); *Russell M. Miller Co. v. Givan*, 7 Utah 2d 380, 325 P.2d 908, 910 (1958) (holding that the plaintiff had not made a sufficient showing that he was entitled to all of the money in the defendant's bank account via a writ of execution where the plaintiff did not offer contrary evidence that the defendant's money was earnings "only for his own personal services" and a portion thereof was therefore exempt from execution under the Utah Exemptions Act).

**4.** The County argues that equity nonetheless requires that this court permit the County to pursue its claim directly against Progressive. Yet in order for equity to interfere, "the allegation should be clear and explicit of the debtor's insolvency," *Enright v. Grant*, 5 Utah 334, 15 P. 268, 272 (1887), and must be supported by some evidence other than the County's bald allegation in its complaint.