392 P.2d 43

Sherman JONES, Merle Jones, Bryant Jones and Laraine Jones, Plaintiffs and Appellants,

v.

Alvie L. THORVALDSON, E. Noreen Thorvaldson, Merrill Oldroyd and O. Thayne Acord, Defendants and Respondents.

No. 10043.

Supreme Court of Utah.

May 11, 1964.

---

Dave McMullin, Payson, Young, Young & Sorensen, Provo, for appellants.

Howard & Lewis, Jackson B. Howard, Provo, for respondents.

CROCKETT, Justice.

The plaintiffs Jones appeal from a judgment declaring a forfeiture of their lease of a gravel pit property from defendants Thorvaldson.

The gravel pits in question are located just off U. S. Highway 91 in Santaquin in Utah County. The principal portions of the property upon which they are situated belong to defendants Thorvaldson. In 1957, they sold their sand, gravel and concrete business to the plaintiffs Jones and granted a lease of the premises to them, the terms of which will be referred to below. One parcel of the gravel pit area was owned by the defendant Oldroyd, who had leased to the Thorvaldsons. When Oldroyd sold to the defendant Acord, some

dispute arose as to rights in the property, which precipitated the initiation of this action by the Joneses. The defendants Thorvaldson set up a counterclaim for forfeiture of their lease with the Joneses on the ground that the latter had breached its covenants. In this proceeding we are concerned only with the Joneses appeal from the judgment in favor of the Thorvaldsons on that counterclaim.

The lease granted the Joneses the exclusive right for a period of 20 years to mine and market such "sand, gravel, topsoil, and fill dirt as may be found on the property." The Joneses agreed: To pay the defendants 25¢ per cubic yard of sand, gravel or topsoil "mined, produced, or processed," and 1¢ for each cubic yard of fill dirt; to keep books of account and duplicate sales slips in numerical order, accessible for defendants' inspection; and to allow defendants access to and from the premises; and to keep all "overburden" which would interfere with the operation of the business removed.

The lease also contained a forfeiture clause which provided that:

"* * * The Lessees shall conduct the said business in such a manner as to adequately and timely fill all orders and supply all requests of customers. If the Lessees *fail to operate the business in a proper, businesslike and work-manlike manner* and/or fail because of business practices to keep up with the demand, the same will constitute grounds for forfeiture of this lease." (Emphasis added.)

The deposits of sand and gravel in question, underlying the foothills of the Wasatch Mountains, were laid down by the littoral currents of the ancient Lake Bonneville, which filled these mountain valleys; and by erosion from the mountains themselves. As the principal depositing occurred centuries ago, the gravels are overladen with a substantial layer of topsoil, which is not usable for concrete aggregate, but if intermixed with the sand and gravel, spoils their usefulness for that purpose. It is therefore important that it be cleared away well ahead of the excavation of the sand and gravel in order to keep the latter clean as it is removed for use. It is the defendants' position, sustained by the trial court, that the plaintiffs failed to do this and that they also failed in certain other respects, which we refer to below, to keep the covenants of their lease.

On appeal we survey the evidence, and any reasonable inferences therefrom, in the light most favorable to the contentions of the Thorvaldsons in accordance with the trial court's findings.[1] In so doing it appears that the plaintiffs failed in several particulars to meet their obliga-

1. Fleming v. Fleming-Felt Co., 7 Utah 2d 293, 323 P.2d 712.

tions under the lease. Instead of clearing the topsoil back as they proceeded, they used the most desirable and easily accessible gravel, and so undercut the hill that it now would be difficult and expensive to remove the overburden. In order to avoid the payment of royalties to the Thorvaldsons, the Joneses removed the readymix plant to adjacent property which they owned and instead of using materials from the Thorvaldson property, procured it from other sources. They took sand and gravel from the property without accounting for it at the time, and stockpiled it, later to intermix it with materials from other sources and then determine the amount used upon a percentage of the mixed concrete sold. They failed to make out sales slips to customers at the time of sale, but allowed the removal of materials, relying only on oral reports, sometimes several days after delivery. Upon these facts the trial court found that the plaintiffs had violated the covenants of the lease in failing: to keep the topsoil removed; to keep accurate accounts; and to operate the concern in a businesslike manner, and concluded that the defendants were justified in declaring the lease forfeited.

■ We have no disagreement with plaintiffs' arguments to the effect that forfeitures are not favored in law; that language purporting to authorize forfeitures should be strictly construed; and that where there is a specification of a particular ground for forfeiture, it cannot be declared upon general or merely related defalcations.[2] However, though the testimony is in conflict, upon our survey of the record in the light most favorable to the judgment, it appears that there is substantial credible evidence to support the trial court's finding of the defaults stated above. It is immaterial that they do not spell out failure to comply with the covenants of the lease in its exact words. It is sufficient that they do so in substance and effect; and that they provide a valid foundation for the conclusion that the plaintiffs failed to carry on the enterprise in a proper and businesslike manner as the lease requires.

The above disposition of this case renders it unnecessary to consider the defendants' contention that as plaintiffs interpreted the lease, it was void for lack of consideration. Other matters urged on this appeal, including the defendants' claim in regard to attorney's fees, we deem to be without merit.

Affirmed. Costs to defendants (respondents).

HENRIOD, C. J., and McDONOUGH, CALLISTER and WADE, JJ., concur.

2. As to forfeitures generally, see Easley Coal Co. v. Brush Creek Coal Co., 91 W. Va. 291, 112 S.E. 512; McNeece v. Wood, 204 Cal. 280, 267 P. 877; 51 C.J.S. Landlord and Tenant §§ 102–104, p. 677, 12 Am.Jur. 1016, Contracts, § 436, 32 Am. Jur. 721, Landlord and Tenant § 848.