411 P.2d 488

**Michael MONTGOMERY et al., Plaintiffs and Respondents,**

v.

**PREFERRED RISK MUTUAL INSURANCE COMPANY, a corporation, Defendant and Appellant.**

**No. 10278.**

Supreme Court of Utah.

March 1, 1966.

---

4. Chumney v. Scott, 14 Utah 2d 202, 381 P.2d 84 (1963).

334

Kipp & Charlier, Salt Lake City, for appellant.

Max D. Lamph, Glenn W. Adams, Ogden, for respondents.

McDONOUGH, Justice.

This is an action brought on an automobile insurance policy against Preferred Risk Mutual Insurance Company, defendant, based on a prior unsatisfied judgment against Darrell Wood, who was insured under the omnibus clause of the policy issued by the defendant to Willard Wood, father of Darrell Wood. Upon a trial to the court, a judgment was entered in plaintiffs' favor. Defendant appeals.

The defendant asserts nonliability under the insurance policy on the ground that the insured failed to cooperate in defense of the prior action arising out of an automobile accident and therefore breached the cooperation clause of the policy. The clause reads in part as follows:

" * * * The insured shall cooperate with the company and, upon the company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits. * * * "

On June 25, 1957, Darrell Wood, while driving his father's automobile in which Lois Montgomery, Bernice Podroza and Lawrence Merrick were passengers, was involved in an accident which resulted in the death of Lois Montgomery and injuries to Bernice Podroza, Michael, Marie and Linda Montgomery, children of the deceased Lois Montgomery, and Bernice Podroza were plaintiffs in the former and are plaintiffs in this action.

On October 15, 1957, the attorney for Preferred Risk Mutual, representing Darrell Wood, obtained sworn statements from Darrell Wood and Lawrence Merrick. The deposition of Darrell Wood was taken on November 13, 1958, by plaintiffs' counsel; and although defendant's counsel was present, he did not cross-examine. A copy of the deposition was mailed to Darrell's father on December 18, 1958, for corrections, signature, notarization and return. But there is no showing that the deposition was ever received by Darrell. In November of 1960 the insurance company sought to locate him. In March of the following year a letter was mailed to Darrell's father in a further effort to have Darrell sign the deposition.

Pretrial was held on August 1, 1961. Counsel representing Darrell Wood informed the court that they represented the insurance company also; that they might invoke the noncooperation provisions of the policy and withdraw as counsel for Darrell Wood. The court gave counsel until August 25, 1961, to advise Darrell Wood of the withdrawal. The insurance company was unable to locate the insured to give such notification. Thereafter the trial was held on September 12, 1961. It is not shown that Darrell Wood had knowledge of the trial date. At that time an attempt was made by defense counsel to proceed defending Darrell Wood only and not the insurance company, to avoid waiving the defense of noncooperation. The court stated that the only defendant was Darrell Wood and the trial proceeded. It resulted in a judgment against Darrell Wood and it is that unsatisfied judgment upon which the present suit is based.

Counsel for defendant offered the sum of $1,000 in full settlement of all causes of action the plaintiffs might have against

Darrell Wood or Preferred Risk Mutual Insurance Company.

In regard to the issue of noncooperation: The evidence shows that the insured, Darrell Wood, did make a sworn statement and also allowed his deposition to be taken. It has been held that the cooperation clause is not breached by the insured's nonattendance at the trial, where his testimony would not have been of material aid or where, for this or other reasons, the insurer was not substantially prejudiced by his absence,[1] as where the same or equivalent testimony could have been presented in some other manner or from some other source.[2] Rule 30(e), U.R.C.P., provides for the use of an unsigned deposition under proper circumstances. It is not indicated that any effort was made to use the deposition of Darrell Wood in the trial which resulted in the judgment against him.

It is reasonably inferable that it may have been just as advantageous, or even more so, for the defendant to have utilized Darrell Wood's deposition as to have him before the court to undergo cross-examination. It is shown that he was separated from his wife, that he was unemployed, and that he and Lawrence Merrick had planned to tell and did tell the investigating officers that Lawrence was the driver of the automobile at the time of the accident. There is the further fact that in addition to a possible civil suit there was a pending criminal charge against Darrell Wood. From these circumstances the insurance company should certainly have surmised that Darrell Wood might be difficult to find at the time of the trial. It was not shown other than that he was available and that his testimony could have been obtained for approximately two years after the accident if the insurance company had believed that it would have protected against this liability. The first letter tracing the deposition which had not been returned, was not mailed until March 20, 1961, almost five years after the occurrence of the accident.

In order for an insurance company to invoke the noncooperation clause in its contract and avoid meeting its obligation on that ground it must show that it used reasonable diligence in obtaining the cooperation, but the insured failed and that put it at some disadvantage.[3] We see no reason to disagree with the view adopted by the trial court that under the circumstances here shown the insurance company should have anticipated that Darrell Wood might be difficult to find at the time of the trial and that it failed to discharge its duty as just stated, or that it was not disadvan-

---

1. See Oberhansly v. Travelers Ins. Co., 5 Utah 2d 15, 295 P.2d 1093 (1956); Wormington v. Associated Indemnity Corp., 13 Cal.App.2d 321, 56 P.2d 1254 (1936).

2. See State Farm Mutual Automobile Ins. Co. v. Palmer, 237 F.2d 887, 60 A.L.R.2d 1138 (9 Cir. 1956).

3. See Oberhansly v. Travelers Ins. Co., supra note 1; Jensen v. Eureka Casualty

taged because of lack of cooperation by the insured.

In surveying the evidence in the light most favorable to the trial court's findings and judgment [4], it is our opinion that there is a reasonable basis to sustain them, and that there is nothing so persuasive as to compel a finding to the contrary and the reversal of its judgment.

Affirmed. Costs to plaintiffs (respondents).

HENRIOD, C. J., and CROCKETT, WADE, and CALLISTER, JJ., concur.

Co., 10 Cal.App.2d 706, 52 P.2d 540 (1935).

4. See Wallace v. Build, Inc., 16 Utah 2d 401, 402 P.2d 699 (1965); Prudential Federal Sav. & Loan Assn. v. William L. Pereira & Associates, 16 Utah 2d 365, 401 P.2d 439 (1965); Jones v. Thorvaldson, 15 Utah 2d 308, 392 P.2d 43 (1964).