446 P.2d 414

Donald M. SCHWINGHAMMER and Catherine Schwinghammer, Plaintiffs and Respondents,

v.

Kenneth P. ALEXANDER, Defendant,

Prudential Federal Savings & Loan Association, Defendant and Appellant.

No. 11066.

Supreme Court of Utah.

Oct. 28, 1968.

Harold R. Boyer, of Romney & Boyer, John B. Anderson, Salt Lake City, for defendant-appellant.

David R. Bowen, Salt Lake City, for plaintiffs-respondents.

CALLISTER, Justice:

Plaintiffs commenced this action for damages for defective and incomplete construction of their home against the contractor-seller, Alexander, and the mortgagee, Prudential. The trial court determined in the second cause of action that plaintiffs were third-party beneficiaries of an escrow agreement between Prudential and Alexander and awarded judgment to the plaintiffs. Prudential appeals.

In January 1965 plaintiffs executed an earnest money agreement with Alexander to purchase a home. Alexander agreed to complete the home including the unfinished basement area, which entailed the additional construction of a family room, two bedrooms and a bath.

Plaintiffs made an application to Prudential for a loan to finance their purchase. Prudential directed that an appraisal be made of the home as if the work were completed. The appraiser recommended the loan be approved upon the condition that $1900 be withheld to assure completion of the basement and installation of a garbage disposal in the kitchen sink. On March 3, 1965, the loan was closed, and plaintiffs authorized the payment of the proceeds to Alexander. However, Prudential, independently of plaintiffs' authorization to pay the funds and without their knowledge, insisted that an escrow agreement be executed, whereby Alexander deposited with Prudential $1900, with release thereof contingent upon the aforementioned items being satisfactorily completed. Completion was to be determined by inspection. Subsequently, and unknown to plaintiffs, Prudential made an inspection and found the basement completed and the disposal installed and released the funds to Alexander.

The trial court found that the escrow agreement was made for the express purpose of benefiting plaintiffs, and the protection of Prudential's security was only incidental. The trial court determined that it was the intention of the parties to include the basement stairs with the work to be completed under the terms of the escrow agreement, although the stairs had been installed with covering prior to plaintiffs' and Alexander's execution of the earnest money agreement. By reason of the variation in the risers of the stairs, the trial court concluded that the stairs were incomplete and awarded plaintiffs, as third-party beneficiaries of the escrow agreement, judgment of $521 against Prudential.[1]

On appeal, Prudential contends that the plaintiffs were, at most, incidental beneficiaries of the escrow agreement between Alexander and Prudential.

An incidental beneficiary acquires by virtue of the promise no right against the promisor or the promisee.[2]

* * * A third party who is not a promisee and who gave no consideration has an enforceable right by reason of a contract made by two others (1) if he is a creditor of the promisee or of some other person and the contract calls for a performance by the promisor in satisfaction of the obligation; or (2) if the promised performance will be of pecuniary benefit to him and the contract is so expressed as to give the promisor reason to know that such benefit is contemplated by the promisee as one of the motivating causes of his making the contract. A third party may be included within both of these provisions at once, but need not be. One who is included within neither of them has no right, even though performance will incidentally benefit him.[3]

The term "incidental beneficiary" has been frequently used to denote a person who will be benefited by the performance of a contract in which he is not a promisee, but whose relation to the contracting parties is such that the courts will not recognize any legal right in him. * * *

* * * As the law has been developed in the decisions up to date, it is possible to say that the only third parties who have legal rights are the donees and the creditors of the promisee. If in buying the promise the promisee expresses an intent that some third party shall receive either the security of the executory promise or the benefit of performance

---

1. The judgment against Prudential was in plaintiffs' second cause of action; in addition, plaintiffs received judgment against Alexander on their first cause of action for his failure to complete the house in accordance with the terms of the earnest money agreement.

2. Restatement, Contracts, § 147, p. 176.

3. 4 Corbin on Contracts, § 776, pp. 18–19.

as a gift, that party is a donee of either the contract right or of the promised performance or both. If, on the other hand, the promisee's expressed intent is that some third party shall receive the performance in satisfaction and discharge of some actual or supposed duty or liability of the promisee, the third party is a creditor beneficiary. All others who may in some way be benefited by performance have no rights and are called incidental beneficiaries * *. Incidental beneficiaries are all those who are not donees or creditors of the promisee. * * *[4]

Corbin illustrates an "incidental beneficiary" in Section 779D, pp. 43-46, in the following language:

Where A owes money to a creditor C, or to several creditors, and B promises A to supply him with money necessary to pay such debts, no creditor can maintain suit against B on this promise. The same is true in any case where A is under a contractual duty to C the performance of which requires labor or materials, and B promises A to supply him such labor or material; C has no action against B on this promise. In such cases the performance promised by B does not itself discharge A's duty to C or in any other way affect the legal relations of C. It may, indeed, tend towards C's getting what A owes him, since it supplies A with the money or material that will enable A to perform, but such a result requires the intervening voluntary action of A. B's performance may take place in full without C's ever getting any performance by A or receiving any benefit whatever. In such cases, therefore, C is called an "incidental" beneficiary and is held to have no right. * * *

█ In the instant action, are the plaintiffs donee or creditor beneficiaries? The promisor, Prudential, promised to pay a sum of money to Alexander, the promisee, upon his completion of the basement of the home and the installation of the disposal. Independently thereof, Alexander had an obligation to the plaintiffs to complete the home in accordance with the earnest money agreement. In the escrow agreement, Prudential did not promise to fulfill this obligation Alexander owed to plaintiffs. Furthermore, Prudential's payment of a sum of money in no way discharged Alexander's obligation to plaintiffs nor did it in any other way affect the legal relations between them; therefore, plaintiffs were not creditor beneficiaries. Nor is there anything to indicate that Alexander, in buying the promise of Prudential to pay a sum of money, expressed an intention that plaintiffs were to receive the

4. 4 Corbin on Contracts, § 779C, pp. 40-41.

benefit of Prudential's performance as a gift, thus disqualifying plaintiffs as donee-beneficiaries. We are compelled to conclude that plaintiffs were incidental beneficiaries under the escrow agreement, and the trial court erred in awarding them judgment against appellant, Prudential.

This case is reversed and remanded, with costs to appellant.

CROCKETT, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.