484 P.2d 153

**Wayne N. MASON, Plaintiff and Appellant,**

v.

**TOOELE CITY, a municipal corporation,
Defendant and Respondent.**

**No. 12132.**

Supreme Court of Utah.

April 21, 1971.

Paul M. Halliday of Halliday & Halliday, Salt Lake City, for plaintiff-appellant.

Ralph W. Millburn, Tooele, Homer Holmgren, Salt Lake City, for defendant-respondent.

CROCKETT, Justice:

Plaintiff Wayne Mason, who owns building lots in the southern portion of Tooele City, sues to recover $650 in charges which he paid the City under protest for sewer and water connection fees, and for an order requiring the defendant City to make additional connections for a lower rate which he contends is proper; and he also asks for $10,000 punitive damages. It is the plaintiff"s contention that

he should be charged such fees only on the basis of the costs of such connections as set in a contract between the defendant Tooele City and the Utah State Road Commission, whereas, the City contends that cost to be borne by plaintiff's lots was not limited to the amount set in its agreement with the Road Commission, but that this prorata expense of the extensions was in addition to the regular cost of connections to the service systems. Upon the basis of the pleadings the District Court granted the motion of defendant Tooele City for judgment in its favor. Plaintiff appeals.

In 1962, the State Road Commission desired to have water and sewer service extended to its maintenance yard located on South Coleman Street in Tooele. The City being short of funds, the Road Commission agreed to advance the City the cost of construction of such extensions: $4100 for the sewer line and $2500 for the water line. In order to insure reimbursement to the Road Commission, their agreement provided for repayment to it from fees assessed to property owners benefited by the extension. Since the Road Commission, the City, and Tooele County owned all of the property on the east side of the street, they were to divide half of the total cost. The other half was to be borne by the ten lots privately owned on the west side. The agreement required the City to collect one tenth of the total of the private property holder's share before each connection was made,

which amounted to $176.25 for the sewer line and $125 for the water line.

In the year 1968 the plaintiff became owner of the ten lots and applied for connections on seven of them. However, he insisted that he was not obliged to pay the connection fees set by city ordinance, but was entitled to pay only the amount specified in the contract between the Road Commission and the City. Upon this impasse, plaintiff paid the additional charges under protest for which he seeks reimbursement herein.

The pertinent parts of the contract upon which plaintiff bases his contention that he should have the benefit of the agreement between defendant Tooele City and the State Road Commission relating to the costs of extending the water and sewer mains are these:

2. The Road Commission agrees to the extension of the sewage line * * * along Coleman Street * * * using an 8-inch size pipe * * * to enable the City and adjacent City property owners to connect to this sewer line at later dates. In this manner revenue will be provided to defray the cost of this installation * * *.

* * * * * *

5. Connections to the sewer line by ten (10) private individuals will be authorized at the rate of $176.25 per build-

ing unit, payable in advance for each connection.

From a consideration of those two clauses in connection with the contract as a whole, it is obvious that the costs set out therein were an agreement between the City and the Road Commission relating to covering the expenses of the water and sewer lines between themselves, and there is nothing therein shown expressing an intent that it was to benefit the plaintiff or other users by fixing their connection fees. There is therefore no basis upon which the plaintiff can assert rights as a third-party beneficiary under that contract.[1] As a matter of fact, if the contract were intended or had the effect of conferring a special advantage upon the plaintiff by allowing him connections for less than provided by the general ordinance, it would be void and unenforceable in that regard.[2]

Insofar as the contract relates to the issues raised by the plaintiff it is clear and operable as appears to have been intended by the parties and in accordance with the ordinary and accepted meaning of the words used, and we do not see in it any such ambiguity or uncertainty as to permit the introduction of extraneous evidence as urged by the plaintiff.[3] The dismissal of the complaint is sustained. Costs to defendant (respondent).

CALLISTER, C. J., and TUCKETT, HENRIOD and ELLETT, JJ., concur.

---

1. That to confer a third-party beneficiary's rights under a contract it must clearly appear that the parties so intended, see 17 Am.Jur.2d, Contracts, Sec. 304, and authorities therein cited; and see Schwinghammer v. Alexander, 21 Utah 2d 418, 446 P.2d 414; Southern California Acoustics Co. v. C. V. Holder, Inc., 71 Cal.2d 719, 79 Cal.Rptr. 319, 456 P.2d 975.

2. See McQuillin, Municipal Corporations (Rev.2d Ed.), Sections 15.14, 19.42 and 29.91.

3. Ephraim Theatre Co. v. Hawk, 7 Utah 2d 163, 321 P.2d 221.