**TRACY COLLINS BANK & TRUST, a corporation, Plaintiff and Appellant,**

v.

**Earl A. DICKAMORE and LaVon Dickamore d/b/a Dickamore's Custom Built Homes and Brent Atkinson, Defendants and Respondents.**

**No. 17437.**

Supreme Court of Utah.

Aug. 12, 1982.

John L. McCoy, Salt Lake City, for plaintiff and appellant.

Phil Patterson, Ogden, for Dickamore.

Parley R. Baldwin, Ogden, for Atkinson.

HOWE, Justice:

Plaintiff, Tracy Collins Bank & Trust, brought this action to enforce its rights as an alleged creditor third-party beneficiary of a contract between defendants, Earl A. Dickamore and LaVon Dickamore, d/b/a Dickamore's Custom Built Homes, and Brent Atkinson. Based on stipulated facts and exhibits presented to the trial court at a pre-trial settlement conference, the court found no cause of action and dismissed the complaint with prejudice. Plaintiff appeals.

On October 25, 1974, Atkinson approached Earl A. Dickamore and negotiated from him the purchase of certain concrete forms known as Symons forms. Atkinson paid $3,000 down and agreed to pay another $17,000 at the rate of $589.39 per month for 36 consecutive months with interest at 15% per annum. An escrow account at the First Security Bank, Brigham City office, was established for the receipt of Atkinson's payment. He claimed the escrow was set up to provide a record of his payments. The terms of the written escrow agreement provided in part:

> All funds collected on this escrow are to be distributed as follows:
>
> First: To the payment of all escrow fees, charges, and expenses of the escrow agent incidental to this account . . .
>
> . . . . .
>
> Third: The balance is to be remitted to See Attached Schedule at the following address ――――――, or any other address subsequently furnished by the above named party entitled to receive funds collected on this escrow.

No schedule was ever attached to the escrow agreement. However, unbeknown to Atkinson, each month $250 was sent by First Security to Tracy Collins which claimed a security interest in the forms under the Uniform Commercial Code, Section 70A–1–101 et seq. Utah Code Ann. 1953. Atkinson testified that he was completely unaware of any interest in the concrete forms by Tracy Collins or that it was a creditor of Dickamore. Atkinson was aware that Dickamore was in financial difficulty at the time of the sale and that some

money had been owed on the forms to the Exchange National Bank of Chicago. He checked at the Box Elder County offices in Brigham City where he thought any liens would be filed, and was advised that no lien had been filed there against the concrete forms.

Atkinson made timely monthly payments on the escrow account for approximately one year at which time he was sued by Exchange National. He consulted an attorney who reached a settlement with Exchange National stipulating that Atkinson pay $5,165.31. Atkinson paid that amount in cash and then considered his obligation on the note to Dickamore fulfilled since he had lost the benefit of making installment payments. He discontinued payments to the escrow account.

Plaintiff then brought this action to enforce the Atkinson-Dickamore contract as a third-party creditor beneficiary. It made no attempt to enforce any rights it may have had as a secured party. Plaintiff's sole contention on this appeal is that the court erred in failing to find that the Atkinson-Dickamore contract was made in part for plaintiff's benefit.

 Generally, the rights of a third-party beneficiary are determined by the intentions of the parties to the subject contract. 2 S. Williston, A Treatise On The Law Of Contracts, § 356 (Rev.Perm.Ed. 1981); Section 302, Restatement of Contracts, Second Edition, 1981. Where it appears from the promise or the contracting situation that the parties intended that a third party receive a benefit, then the third party may enforce his rights in the courts and is deemed a donee beneficiary. Where, however, no intention to make a gift appears and performance of the promise satisfies or recognizes an actual or supposed duty of the promisee to the beneficiary, then the third party may still recover as a creditor beneficiary. Williston, supra. But where any benefits to a person are incidental to the performance of the promise and such person is neither a donee nor a creditor beneficiary, he is a stranger to the promise and may assert no rights thereunder.

*Schwinghammer v. Alexander,* 21 Utah 2d 418, 446 P.2d 414 (1968); Restatement, supra, § 315.

██ Our review of the record in this case, including the transcript of the pre-trial hearing containing the stipulated facts, confirms the judgment of the trial court that there is nothing in the agreement between the defendants which indicates that they intended to benefit the plaintiff, nor is there anything in the circumstances surrounding the making of the contract which suggests that to be the case. Neither the plaintiff nor creditors as a class is mentioned in the escrow agreement. The debt to the plaintiff is not referred to which distinguishes this case from *Continental Bank v. Stewart,* 4 Utah 2d 228, 291 P.2d 890 (1955). Atkinson testified he did not know of the obligation. We have no evidence of the intent of Mr. or Mrs. Dickamore. The most that can be said is that apparently sometime after the escrow agreement was signed by the parties, the Dickamores unilaterally directed the escrow holder to disburse part ($250) of their monthly payment ($589.39) to the plaintiff. This does not rise to a third-party beneficiary contract. It is simply an incidental benefit which gives no legal right to the plaintiff. Nor has the promisee thereunder, Dickamore, assigned any of his rights under the contract to the plaintiff. In light of these facts, we hold the trial court properly denied the plaintiff the right to sue to enforce the contract between the defendants, Atkinson and Dickamore.

Judgment affirmed. Costs to defendants, respondents herein.

HALL, C.J., and STEWART, OAKS and DURHAM, JJ., concur.