**WASATCH BANK OF PLEASANT GROVE, a corporation, Plaintiff and Appellant,**

v.

**SURETY INSURANCE COMPANY OF CALIFORNIA, a corporation, Defendant and Respondent.**

No. 19158.

Supreme Court of Utah.

July 8, 1985.

S. Rex Lewis, Provo, for plaintiff and appellant.

Carman E. Kipp, Stephen F. Hutchinson, Salt Lake City, for defendant and respondent.

HALL, Chief Justice:

In February 1981, Surety Insurance Company of California (Surety) issued a $150,000 labor and materials payment bond on behalf of ATM Masonry (ATM), a subcontractor for the construction of a public school building. Wasatch Bank of Pleasant Grove (Wasatch) loaned ATM $50,000 to pay for labor and materials used in the performance of the subcontract, taking as security an assignment of ATM's right to receive payment under ATM's agreement with the prime contractor. The assignment

**1.** Utah, 606 P.2d 1197, 1202 (1980).

was dishonored, and Wasatch sued Surety to recover on the bond. Based on the above facts, which were undisputed, summary judgment was awarded to Surety. Wasatch appeals, arguing that it should be equitably subrogated to the rights of the beneficiaries of the bond and, alternatively, that it is a third-party beneficiary of the bond. We affirm.

As we stated in *Allstate Insurance Co. v. Ivie,*[1] "Subrogation is a creature of equity, its purpose is to work out an equitable adjustment between the parties by securing the ultimate discharge of a debt by the person who, in equity and in good conscience, ought to pay it." Wasatch contends that since the money it loaned to ATM was used to pay for labor and materials, Surety was relieved by Wasatch of an obligation for which Surety would otherwise have been liable under the terms of the contractor's bond. Thus, Wasatch contends, Surety should be held liable to Wasatch for the amount of the loan.

■ Such a result, however, would be contrary to the parties' rights and obligations as established by the provisions of the bond and of the agreement between Wasatch and ATM. The bond contained the following conditions:

[I]f the Principal shall promptly make payment to all claimants as hereinafter defined for all labor and material used or reasonably required for use in the performance of the subcontract, then this obligation shall be void; otherwise it shall remain in full force and effect, subject, however, to the following conditions:

(1) A claimant is defined as one having a direct contract with the Principal for labor, material, or both, used or reasonably required for use in the performance of the contract, labor and material being construed to include that part of water, gas, power, light, heat, oil, gasoline, telephone service or rental of equipment directly applicable to the subcontract.

These conditions exclude from coverage those who merely loan money to the principal for the payment of labor or materials, rather than providing labor or materials themselves. Under the first paragraph quoted above, a loan for payment of labor or materials would result in the discharge of Surety's obligation under the bond. And, a lender of money for payment of labor and materials does not fall within the definition of a claimant under the second paragraph quoted above. Wasatch had no direct contract with ATM to provide labor or materials.

In contrast, under its agreement with ATM, Wasatch undertook the obligation of loaning money to ATM for the payment of labor and materials. In extending credit to ATM, Wasatch assumed the risk that ATM would default on the loan and that the security would fail. Had Wasatch deemed this risk unacceptable, it could have refused to make the loan without further security, including an express agreement from Surety that the bond would cover the loan. Thus, the loss suffered by Wasatch was no greater than the risk it assumed in extending credit to ATM.

 As an equitable doctrine, subrogation is not dependent on contractual rights and obligations.[2] Subrogation may not be applied, however, to defeat or enlarge a contractual duty.[3] As we stated in *Paxton v. Spencer*,[4] a case very similar to the present one,

> To hold the surety liable for advancements made or money loaned to the contractors to enable them to carry out the contract without the assent of the surety, unless the facts are such that it would be inequitable to not hold the sure-

ty liable, is to read into the contract a liability not assumed by the surety and a liability clearly not contemplated by the parties at the date of the execution of the bond.

Nothing in the undisputed facts of this case shows it would be inequitable not to hold Surety liable to Wasatch. To hold Surety liable would only shift the loss from one who assumed it to one who did not. In reaching this result, we follow our own precedent and are in accord with the result reached in other jurisdictions in similar cases.[5] Although a surety has been held liable to one who has loaned money to a contractor where the surety knew of, tacitly consented to, or encouraged the loan, no such considerations arise in the instant case.[6]

 Finally, Wasatch argues that it was a third-party beneficiary of the contractor's bond and thus entitled to recover on the bond. Whether a third party is a beneficiary of a contract is determined by the intent of the parties to the contract as evidenced by the contract itself and the surrounding facts and circumstances.[7] As discussed above, the contractor's bond was clearly intended to cover only those who provided labor and materials to the subcontractor, not those who loaned money to the subcontractor for the payment of labor and materials. The undisputed facts evidence no intent by either ATM or Surety to include Wasatch in the coverage of the bond. Thus, there is no legal or factual basis for Wasatch's assertion that it was a third-party beneficiary of the bond.

Affirmed.

STEWART, HOWE, DURHAM and ZIMMERMAN, JJ., concur.

2. *E.g., Bower v. Tebbs,* 132 Mont. 146, 155, 314 P.2d 731, 736 (1957); 83 C.J.S. *Subrogation* § 3 at 584 (1953).

3. *See Bower, supra* note 2. *See also Paxton v. Spencer,* 71 Utah 313, 265 P. 751 (1928).

4. *Supra* note 3, at 319, 265 P. at 753.

5. *See, e.g., Paxton, supra* note 2; *Nelson v. Hagen,* N.D., 146 N.W.2d 873 (1966); *United States v. Western Contracting Corp.,* 341 F.2d 383 (8th

Cir.1965). *See also* 127 A.L.R. 974 (1940); 164 A.L.R. 782 (1946).

6. *See, e.g., Bower, supra* note 1; *Western Casualty & Surety Co. v. Meyer,* 301 Ky. 487, 192 S.W.2d 388 (1946).

7. *See Tracy Collins Bank & Trust v. Dickamore,* Utah, 652 P.2d 1314, 1315 (1982); *Mel Trimble Real Estate v. Fitzgerald,* Utah, 626 P.2d 453, 454 (1981).