**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 30 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES P. ADAMS, SANDRA
GREEN, and BLAIR GREEN, as
guardian ad litem for Brandon Green and
Stuart Green,

        Plaintiffs - Appellants,

    v.

GENERAL ACCIDENT ASSURANCE
COMPANY OF CANADA,

        Defendant - Appellee.

Nos. 96-4190
and 96-4195

(D. Utah)

(D.C. No. 92-CV-516)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, Chief Judge, **ANDERSON**, and **HENRY**, Circuit Judges.

---

On January 17, 1986, Charles Adams, Sandra Green, Brandon Green, and Stuart

Green (collectively, "plaintiffs" herein)[1] were injured when a trailer carrying a load of

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

[1]Blair Green is acting as guardian ad litem for the children, Brandon and Stuart
Green, and is included in the collective term "plaintiffs."

steel trusses overturned in Salt Lake County, Utah. The tractor pulling the trailer was owned by Western Farms, a Canadian company, driven by John T. Hofer, a citizen of Canada,[2] and insured by defendant General Accident, a Canadian company. The plaintiffs filed suit against Hofer and his brother, James Hofer, in the Utah courts and obtained default judgments of approximately one million dollars each to the Greens in January 1991 and to Adams in December 1991.[3] After unsuccessfully attempting to recover on the judgment, Adams brought this diversity action against General Accident and others, asserting, under various theories, a right to insurance proceeds under the policy between General Accident and the Hofers/Western Farms.[4] The Greens intervened. Subsequently, the district court granted General Accident's motion for summary judgment on the ground that plaintiffs could not recover against General Accident under Alberta or Utah law or under the insurance policy.

On appeal, plaintiffs argue that the district court erred for the following reasons: (1) as interpreted by Alberta law, an insurance policy between an insurer and its insured

---

[2]At the time of the accident, John Hofer was driving the tractor with the permission of Western Farms. Insurance coverage on the *trailer* was the subject of a separate action, addressed by this court in Adams v. Royal Indem. Co., 99 F.3d 964 (10th Cir. 1996).

[3]Western Farms, the Hofers' business entity and owner of the tractor, was not named as a defendant in the state court action.

[4]The only claims at issue on appeal are those involving defendant General Accident. Two other insurance companies that were named in the action, Wilshire Insurance Company and Occidental Fire and Casualty Company of North Carolina, are not involved in this appeal. Appellants' Br. at 2 n.1. Several other actions have been filed in Canada and are still pending.

allows a judgment creditor of the insured to pursue a direct action against the insurer; (2) Utah statutes and common law allow a judgment creditor to pursue a direct action against a tortfeasor's vehicle insurer for policy proceeds, and no express provision in the policy is required in addition to the third-party status; and (3) Fed. R. Civ. P. 69 and Utah R. Civ. P. 64D entitle a judgment creditor to garnish the judgment debtor's right to performance of the policy. For the reasons set forth below, we are unpersuaded by these arguments and conclude that the district court did not err. Accordingly, we affirm.

## DISCUSSION

We review de novo the district court's grant of summary judgment. Taylor v. Meacham, 82 F.3d 1556, 1559 (10th Cir.), cert. denied, 117 S. Ct. 186 (1996). Because this is a diversity action, we apply "the substantive law, including choice of law rules, of the forum state." Barrett v. Tallon, 30 F.3d 1296, 1300 (10th Cir. 1994); see also Mountain Fuel Supply v. Reliance Ins. Co., 933 F.2d 882, 887-88 (10th Cir. 1991) (citing Klaxon v. Stentor Elec. Mfg. Co., 313 U.S. 487, 491 (1941)). There is no dispute about what law applies; each party argues that under Alberta or Utah law the result is the same. We proceed to address the merits under both jurisdictions' laws. See Schilling v. Belcher, 582 F.2d 995, 999-1000 (5th Cir. 1978).

### I. Standing Under the Policy as Interpreted by Alberta Law

-3-

The insurance policy between Hofers/Western Farms and General Accident is the standard policy prescribed pursuant to the Alberta Insurance Act, R.S.A. ch. I-5. The plaintiffs are not a party to the insurance policy or directly covered by its terms, nor have the Hofers/Western Farms assigned to the plaintiffs any rights they may have to enforce the policy. In fact, plaintiffs do not argue that the policy itself contains a direct action provision; rather, they argue that the Alberta Insurance Act, R.S.A. ch I-5 § 320(1), imposes upon the policy an injured party's right to pursue a direct action against the insurer. Section 320(1) states:

> Any person who has a claim against an insured for which indemnity is provided by a contract evidenced by a motor vehicle liability policy, notwithstanding that that person is not a party to the contract, may, on recovering a judgment therefor in any *province* against the insured, have the insurance money payable under the contract applied in or towards satisfaction of his judgment and of any other judgments or claims against the insured covered by the contract and may, on behalf of himself and all persons having such judgments or claims, maintain an action against the insurer to have the insurance money so applied.

Id. (emphasis added).

A plain reading of the section indicates that the term "province" includes provinces of Canada and does not include states in the United States. To avoid this conclusion, plaintiffs urge us to look at the Insurance Act as a whole, but cite to us no cases in which Alberta courts have interpreted "province" to include "states." They also ask us to acknowledge that Canadian courts are starting to give more deference not only to other provinces' judgments but also to foreign judgments and that Alberta courts might

-4-

recognize "the jurisdiction of other Canadian courts, and perhaps truly foreign courts."

Wilson v. Hull [1995] 128 D.L.R. 4th 403 (Alta. Ct. App.).

The Alberta Insurance Act does not support these contentions. For instance, other provisions of the Act contain language explicitly including states within their meaning. And § 320 itself, in subsection (4)(c), indicates that the right of a person to have insurance money applied to his judgment or claim is not prejudiced by "any contravention of the *Criminal Code* (Canada) or a statute of any province or of any state or the District of Columbia of the United States of America by the owner or driver of the automobile." Thus, because we find that the meaning of "province" in § 320(1) is clear, we reject plaintiffs' contentions and hold that § 320(1) allows only judgments from Canadian courts to serve as a basis for a direct action by a third party against an insurer.[5]

## II. Third-Party Standing Under Utah Law

Adams argues variously that Utah statutory, contract, and/or common law permit the holder of a judgment against an insured to directly sue the insurer for proceeds

---

[5]We also reject plaintiffs' summary contention (raised in the opening brief only in a footnote) that Canadian courts generally allow third parties to sue on contracts. Appellants' Br. at 11 n.2. Plaintiffs' main case in support of this contention is not directly on point and is from an *Ontario* lower court. See Quick-Run Courier Ltd. v. Abbe Ins. Brokers Ltd. [1993] 18 C.C.L.I. (2d) 215 (Ont. Gen. Div.). Coronation Ins. Co. v. Taku Air Transp. Ltd. [1991] 3 S.C.R. 622, the Canadian Supreme Court case plaintiffs cite in support of their argument, is also inapposite because it is based on a statutory right to sue, not on general third-party rights.

available under a vehicle insurance policy. As indicated above, it is clear that the policy between Hofers/Western Farms and General Accident does not itself confer any contract rights on the plaintiffs, so we turn to the questions of Utah statutes and common law.

## A. Utah Statutes

Utah Code Ann. § 31A-22-201 provides that liability insurance policies must include a provision "that the bankruptcy or insolvency of the insured may not diminish any liability of the insurer to third parties, and that if execution against the insured is returned unsatisfied, an action may be maintained against the insurer to the extent that the liability is covered by the policy." Section 31A-22-202 provides:

> No insurance contract insuring against loss or damage through legal liability for the bodily injury or death by accident of any person, or for damage to the property of any person may be retroactively abrogated to the detriment of any third-party claimant by any agreement between the insurer and insured after the occurrence of any injury, death, or damage for which the insured may be liable. This attempted abrogation is void.

These statutes apply only to insurance policies, applications, and certificates that are:

> (a) delivered or issued for delivery in this state [Utah];
> (b) on property ordinarily located in this state;
> (c) on persons residing in this state when the policy is issued; and
> (d) on business operations in this state.

Utah Code Ann. § 31A-21-101(1). The Hofers' policy was issued and delivered in Alberta on property ordinarily located in Alberta for persons residing in Alberta.

-6-

Plaintiffs do not allege that the Hofers or Western Farms were conducting "business operations" in Utah for purposes of subsection (d). The record indicates that Western Farms is a grain farming business in Canada, that John Hofer had moved to Arizona seeking work for the winter, that he was hauling a load in Utah for the first time on the day of the accident, Appellants' App. Vol. I at 118-19, 123, and that apparently the policy was issued on the tractor for "farm use" within a 50-mile radius of the Alberta farm. Id. at 46, 51, 108. These minimal operations fall under the exception provided in § 31A-21-101(2)(c) for operations which are "incidental or subordinate" to operations outside of Utah. Moreover, §§ 31A-22-201 and -202 do not go so far as to grant independent standing to an injured party in the absence of such language in the policy.[6] As indicated above, even if they did, the statutes would not apply to this policy.[7] Thus, Utah's

---

[6]Some states' statutes provide for direct actions by injured parties against insurers independent of policy language. Some statutes allow the suit prior to obtaining a judgment against the insured tortfeasor, see, e.g., La. Rev. Stat. Ann. § 22:655; Esteve v. Allstate Ins. Co., 351 So. 2d 117, 120 (La. 1977), and some require that judgment against the insured be obtained before the direct action against the insurer. See, e.g., Ala. Code § 27-23-2; Maness v. Alabama Farm Bureau Mut. Cas. Ins. Co., 416 So. 2d 979, 981-82 (Ala. 1982). The reason for the enactment of such direct action statutes is to alter the common law prohibition, because of a lack of privity, against suits by injured parties based on a policy. 12A George J. Couch et al., Couch on Insurance § 45:785 (2d rev. ed. 1981).

[7]Although the parties do not raise the issue, the only Utah statute that applies to the Hofers' insurance policy is Utah Code Ann. § 41-12a-301(2)(b)(i), which requires that a non-resident owner of a vehicle that is present in Utah for less than 90 days must "maintain the type and amount of owner's or operator's security required in his place of residence." There is no argument that the Hofers have failed to do this.

statutory scheme does not permit plaintiffs to bring a direct action against General Accident for collection of their judgments against the Hofers.

## B. Utah Common Law

Plaintiffs argue that Utah case law and policy combine to provide them standing to sue General Accident directly. They claim that, as injured parties, they are intended third-party beneficiaries of the insurance policy and as such need not be privy to the contract in order to sue thereon. We find scant support for this proposition.

Plaintiffs concede that no Utah case has expressly addressed whether a third-party judgment creditor may sue directly on a policy absent permissive policy language. In fact, they have filed a motion to certify the issue to the Utah Supreme Court. Utah courts have held in three related situations that injured third parties may *not* directly sue an insurer. First, an injured party may not join an insurer with its insured tortfeasor in the same underlying tort suit. See Campbell v. Stagg, 596 P.2d 1037, 1039 (Utah 1979); Young v. Barney, 433 P.2d 846, 847-48 (Utah 1967). "In Utah, a plaintiff must direct his action against the actual tortfeasor, not the insurer" because an injured party "has no direct cause of action against the insurer." Campbell, 596 P.2d at 1039. Second, the holder of a judgment against an insured may not pursue a tort claim against the insurer based on a wrongful denial of insurance coverage. Auerbach Co. v. Key Security Police, Inc., 680 P.2d 740, 742-43 (Utah 1984). Third, an injured party may not sue an insurer

for bad faith or breach of a covenant of good faith under either tort or contract theories.[8] Savage v. Educators Ins. Co., 908 P.2d 862, 865-66 (Utah 1995); Ammerman v. Farmers Ins. Exch., 430 P.2d 576, 577-78 (Utah 1967); Pixton v. State Farm Mut. Auto. Ins. Co., 809 P.2d 746, 749-50 (Utah Ct. App. 1991).

General principles of Utah law that apply to contracts, including insurance policies, Phoenix Indem. Ins. Co. v. Bell, 896 P.2d 32, 35 (Utah Ct. App. 1995), do not aid plaintiffs' argument either. The Utah Supreme Court has applied the Restatement (Second) of Contracts § 302 to give *intended beneficiaries* standing to sue on a contract where the intentions of the parties to the contract, as determined by the contract's terms and the surrounding facts and circumstances, Tracy Collins Bank & Trust v. Dickamore, 652 P.2d 1314, 1315 (Utah 1982); Ron Case Roofing & Asphalt Paving, Inc. v. Blomquist, 773 P.2d 1382, 1386 (Utah 1989), indicate that they "clearly intended to confer a separate and distinct benefit upon the third party." Broadwater v. Old Republic Sur., 854 P.2d 527, 536 (Utah 1993). However, plaintiffs do not qualify as intended beneficiaries under § 302, which provides:

> (1) Unless otherwise agreed between promisor and promisee, a beneficiary of a promise is an intended beneficiary if recognition of a right to performance in the beneficiary is appropriate to effectuate the intention of the parties and either

---

[8]Although plaintiffs appear to have dropped these bad faith contentions on appeal, see Reply Br. at 2-3, they were included as the first and fourth causes of action both in Adams' Amended Complaint, see Appellants' App. Vol. I at 4-6, and in the Greens' Complaint in Intervention. See id. at 24-26.

(a) the performance of the promise will satisfy an obligation of the promisee to pay money to the beneficiary; or
(b) the circumstances indicate that the promisee intends to give the beneficiary the benefit of the promised performance.
(2) An incidental beneficiary is a beneficiary who is not an intended beneficiary.

Restatement (Second) of Contracts § 302 (1979).

While it is true that injured parties may benefit from an automobile insurance policy between the tortfeasor and its insurer if the insurer pays, the intent of the parties to the policy is to protect the financial well-being of the insured, not to benefit the injured party. This intent is reflected in the Hofers/Western Farms policy, where General Accident agrees to pay and to defend its insured, not an injured party. See Appellants' App. Vol. I at 54. Thus, the benefit flows to the injured party only incidentally. See Restatement (Second) of Contracts § 302, cmt. b, illus. 3, cmt. c, illus. 8 (1979); 12A George J. Couch et al., Couch on Insurance §§ 45:784, 45:785 (2d rev. ed. 1981); W. Page Keeton et al., Prosser and Keeton on the Law of Torts § 82, at 586 (5th ed. 1984).

One example of this intentional/incidental distinction under Utah law arises in the context of a contractual promise by one party to indemnify the other contractual party. The existence of this indemnification clause—and the potential benefit that flows to third parties as a result of the indemnification—is not sufficient to confer intended beneficiary status. Ron Case Roofing, 773 P.2d at 1387; Gordon v. CRS Consulting Eng'rs, Inc., 820 P.2d 492, 493 (Utah Ct. App. 1991). The Alberta Standard Automobile Policy between General Accident and Hofers/Western Farms provides:

The Insurer agrees to indemnify the Insured and, in the same manner and to the same extent as if named herein as the Insured, every other person who with his consent personally drives the automobile, or personally operates any part thereof, against the liability imposed by law upon the Insured or upon any such other person for loss or damage arising from the ownership, use or operation of the automobile and resulting from bodily injury to or death of any person or damage to property.

Appellants' App. Vol. I at 54. Although the Hofers/Western Farms policy is not strictly an indemnity policy, the benefits of the policy are intended to flow directly to the insured, not to an injured party.

Our inclination upon review of general contract principles that injured parties in Utah are not intended beneficiaries of insurance policies is consistent with the Utah Supreme Court's decision in Dairyland Ins. Corp. v. Smith, 646 P.2d 737 (Utah 1982). There, the court rejected an injured party's reliance on Shingleton v. Bussey, Fla., 223 So. 2d 713 (Fla. 1969), which "held that an injured party should be treated as a third-party beneficiary under the tortfeasor's insurance contract. That is not the law in this jurisdiction . . . ." Dairyland, 646 P.2d at 740. This case, in which an injured party counterclaimed against an insurer who brought a suit seeking a declaratory judgment as to its liability on an automobile policy, while not dispositive, certainly adds another brick to the wall restraining injured third parties from directly suing insurers.

In support of their third-party beneficiary argument, plaintiffs cite Ellis v. Gilbert, 429 P.2d 39 (Utah 1967), and Peterson v. Western Cas. & Sur. Co., 425 P.2d 769 (Utah 1967). Peterson does state that "[a]s a member of the public injured by the insured,

-11-

plaintiff became a third-party beneficiary of the policy," 425 P.2d at 771. However in Peterson, the injured party was granted standing to sue the insurer by virtue of a provision in the policy itself, not by operation of law. Peterson, 425 P.2d at 770. And Ellis, 429 P.2d at 41-42, merely repeats the Peterson language in granting the plaintiff's request that the tortfeasor disclose any existing insurance policy that might contain a provision granting the injured party the right to sue the insurer directly.

Plaintiffs also rely on Montgomery v. Preferred Risk Mut. Ins. Co., 411 P.2d 488 (Utah 1966), and AOK Lands, Inc. v. Shand, Morahan & Co., 860 P.2d 924 (Utah 1993). These cases are distinguishable as well. In Montgomery, the Utah Supreme Court, in allowing a suit by the injured party against the insurer, says only that the action is "brought on an automobile insurance policy" and does not indicate whether the policy itself provided for the direct action. 411 P.2d at 489. Similarly, in AOK Lands the court mentions in a footnote that "nothing would have prohibited [the injured party, suing to collect on an errors and omissions policy,] from recovering under the Policy as a third-party beneficiary if the Policy's provisions were met." 860 P.2d at 927 n.14. Again, the court does not say what provisions the policy included but implies that those provisions would have to exist for the suit to be allowed.

In sum, we are convinced that Utah law does not grant injured parties such as plaintiffs standing to directly sue an insurer.

-12-

### III. Garnishment Under Utah Law

Finally, plaintiffs argue that they are entitled to garnish the judgment debtor's right to performance of the insurance policy under Fed. R. Civ. P. 69, which incorporates Utah's garnishment procedures, Utah R. Civ. P. 64D.[9] The district court did not address this contention in its memorandum order granting summary judgment for defendant, and General Accident claims the issue was not adequately raised below. Plaintiffs respond by pointing to their complaints and to a section of their memorandum in opposition to summary judgment, which states: "Mr. Adams does have a judgment against General Accident's insured. Moreover, Mr. Adams does claim that General Accident holds property which belongs to John Hofer and/or Mr. Adams." Appellants' App. Vol. II at 241.

We agree with General Accident that the issue is waived for two reasons. First, nowhere before the district court do plaintiffs set forth the argument that they have here with respect to Fed. R. Civ. P. 69 and Utah R. Civ. P. 64D. Second, the burden is on the party seeking to have the court rule in its favor to bring the basis for such a ruling to the court's attention, and plaintiffs have not met that burden. Consequently, we decline to

---

[9] Plaintiffs argue that Alberta law also permits garnishment of the judgment debtor's right to policy proceeds. We decline to address this contention as well because, in addition to not adequately raising the issue before the district court, plaintiffs have failed to support their broad assertion on appeal with relevant authority. See American Airlines v. Christensen, 967 F.2d 410, 415 n.8 (10th Cir. 1992); Phillips v. Calhoun, 956 F.2d 949, 953 (10th Cir. 1992); Fed. R. App. P. 28(a)(6).

address the plaintiffs' argument because the issue was raised below only "in a vague and ambiguous way," Lyons v. Jefferson Bank & Trust, 994 F.2d 716, 722 (10th Cir. 1993), and was not pursued in the trial court. See Cavic v. Pioneer Astro Indus., 825 F.2d 1421, 1425 (10th Cir. 1987); see also O'Connor v. City & County of Denver, 894 F.2d 1210, 1214 (10th Cir. 1990).

## CONCLUSION

For the foregoing reasons, the district court's grant of summary judgment is AFFIRMED. The motion for certification to the Supreme Court of Utah is DENIED.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge

-14-